■ In the Matter of the Arbitration between COLONY LIQUOR DISTRIBUTORS, INC., Appellant, and LOCAL 669, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.— SWEENEY, J. Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1969 in Albany County, which confirmed the arbitrator's award. The appellant company and the respondent union are parties to a col-

lective bargaining agreement which provides for arbitration of disputes by the New York State Board of Mediation, whose decision is to be final and binding on the parties. George De Lory was employed by appellant in 1948 as a warehouseman and in 1949 was advanced to a driver-warehouseman. During his employment he was involved in several serious motor vehicle accidents resulting in three fatalities. In August of 1968 he returned to work after his last motor vehicle accident and was informed by appellant that he would not be re-employed as a driver. Certain negotiations thereafter took place between appellant and respondent, but they failed to agree on a position for De Lory. The matter was then submitted to arbitration in the following manner: "Should George J. De Lory be (1) put back to work in the company's employ as a driver-warehouseman, or (2) put to work as a full-time warehouseman, or (3) put to work as a part-time warehouseman? In any event, what shall the remedy be?" The arbitrator made an award, after a hearing, that De Lory should be put back to work as a full-time warehouseman, and awarded him back pay. In urging that the award be vacated the appellant asserts that the arbitrator exceeded his authority in reinstating De Lory. Specifically, the appellant argues that implicit in the determination is the fact that De Lory was justifiably discharged as a driver-warehouseman, and, consequently, he could not be given a full-time position as a warehouseman unless it was first determined that his seniority entitled him to displace one of the three full-time warehousemen then employed by the company. It is further argued that by his determination the arbitrator ignored the provisions of the collective bargaining agreement to the effect that policy practices as to employment were to be continued. Appellant also contends that the arbitrator was guilty of misconduct in failing to reveal his recent association with two New York City Teamsters' Locals. We will examine the misconduct issue first. It is conceded that the arbitrator had been associated with two New York City Teamsters' Locals, and that he did not make that fact known to the appellant. At the outset, it should be pointed out that actual bias is not claimed, but because of the previous association of the arbitrator with the Teamsters' Locals there is a reasonable inference of his partiality which disqualified him. When parties submit their differences to arbitration, it is essential by the very nature of the proceeding that the arbitrator be absolutely fair and impartial. He is clothed with a very broad authority in the interpretation of agreements. Court review of an arbitrator's award is a most limited one (CPLR 7511, subds. [b], [c]). An arbitration award is not reviewable by a court for errors of law or fact. (*Matter of Colletti* — [*Mesh*], 23 A D 2d 245, 248, affd. 17 N Y 2d 460; *Matter of Friedman*, 215 App. Div. 130, 136.) In view of his authority and the limited review available, it is imperative that the arbitrator divulge previous associations with the parties that might tend to cast doubt on his impartiality. (*Commonwealth Corp.* v. *Casualty Co.*, 393 U. S. 145.) In the instant case, by stipulation, the parties agreed to the particular arbitrator, and to be bound by his determination of the issue. The nondisclosure of the arbitrator's previous association with the Teamsters' Locals deprived appellant of pertinent information necessary to make a knowledgeable selection of an impartial arbitrator. Appellant was entitled to make an independent decision as to whether it would accept the arbitrator, in spite of his previous associations. Here appellant was not afforded this opportunity. The mere fact that there has been a prior association of an arbitrator with one of the parties, in and of itself, does not necessarily require disqualification. Each case, however, depends on its own facts and circumstances. In the present case the arbitrator was employed as an attorney for two Teamsters' Locals, the same union as respondent Local, for a period of several years   Less

than six months prior to the hearing, he listed his address as the same as that of the Teamsters' Locals. In the year 1967 he had been paid over $10,000 by the Teamsters' Locals for his services. At the time of the hearing he had a close relative still employed by the Teamsters Union as an accountant. These facts show more than an insignificant relationship, and coupled with the compelling circumstance that the arbitrator, although clearly aware of his previous association, did not divulge it to the appellant, require us to conclude that he was in fact disqualified. (See *Matter of Milliken Woolens* [*Weber Knit Sportswear*], 11 A D 2d 166, affd. 9 N Y 2d 878; *Matter of Shirley Silk Co.* v. *American Silk Mills,* 260 App. Div. 572.)  On this record we conclude that it is reasonable to infer that the prior relationship between the arbitrator and the Teamsters' Locals constituted partiality. Therefore, the award should be vacated. In view of this result, it is not necessary to pass on the other issues raised by the appellant. Judgment reversed, on the law and the facts, with costs; motion to conform the award denied, and motion to vacate the award granted. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.