CLOSE, EXR., APPELLEE AND CROSS-APPELLANT, *v.* MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE.

(No. 84AP-696 — Decided April 25, 1985.)

*Arthur C. Graves* and *Harry R. Paulino,* for Robert Close, executor of the estate of Ruth E. Close.

*Schottenstein, Zox & Dunn, Rick E. Marsh* and *James E. Davidson,* for Motorists Mutual Insurance Company.

GREY, J. This is an appeal of a judgment of the Franklin County Court of Common Pleas, vacating an arbitration award and remanding the case for a *de novo* hearing before a new panel of arbitrators. We affirm.

Appellee, Robert Close, is the executor of the estate of his wife, Ruth E. Close, who was killed in a head-on collision with an uninsured motorist. His claim for compensation under the uninsured motorist provisions of the couple's policy with appellant, Motorists Mutual Insurance Company ("Motorists"), was denied on the grounds that Mrs. Close had been at fault in the accident. The claim was submitted to the American Arbitration Association ("AAA") for arbitration under the following policy clause:

"ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."

The AAA sent each party a list of seven potential arbitrators and each party struck out two. The remaining three included Craig Barclay, a partner in the litigation department of Porter, Wright, Morris & Arthur.

After the issuance of the arbitrators' award, a two-to-one majority in favor of Motorists, Close discovered that other attorneys in the litigation department of Porter, Wright, Morris & Arthur had represented Motorists in accident claims cases, and continued to do so throughout the arbitration of this case. Barclay had not been aware of the relationship, although a check of the firm's client index would have informed him of it.

On Close's complaint to vacate the award, the trial court concluded that Barclay's firm's undisclosed relationship with Motorists created "evident partiality" under R.C. 2711.10(B). It vacated the award and remanded the cause for arbitration before an entirely new panel.

Motorists appeals the vacating of the arbitration award, and Close cross-appeals the remand for *de novo* arbitration. We will address Motorists' single assignment of error first:

"The trial court erred in vacating an arbitration award where there was no evident partiality."

The sole grounds for vacating an arbitration award are found in R.C. 2711.10, as follows:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded

their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

The issue in this case is whether Barclay's membership in a law firm which represents one of the parties on a regular basis is "evident partiality," and, if so, whether an arbitrator has a duty to discover such situations before accepting appointment. In *Commonwealth Coatings Corp.* v. *Continental Cas. Co.* (1968), 393 U.S. 145, at 150, a plurality held that "* * * any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias. * * *" Thus, an arbitrator who had performed consulting work for one of the parties was held to have violated the "evident partiality" test of the United States Arbitration Act, Section 10(b), Title 9, U.S. Code. Although there was no evidence of actual bias, the arbitrator's failure to disclose was fatal to the validity of the arbitration award.

Motorists points that the *Commonwealth* plurality opinion, creating an "appearance of bias" standard, does not reflect the opinion of the majority of the court, and cites later lower court cases holding that an "appearance of bias" alone is not sufficient grounds to vacate an arbitration award. See, *e.g., Merit Ins. Co.* v. *Leatherby Ins. Co.* (C.A.7, 1983), 714 F. 2d 673, 681-682; *Internatl. Produce, Inc.* v. *A/S Rosshavet* (C.A.2, 1981), 638 F. 2d 548, 551.

But even the concurring justices in *Commonwealth, supra,* agreed that "* * * where the arbitrator has a substantial interest in a firm which has done more than trivial business with a party, that fact must be disclosed. * * *" *Id.* at 151-152 (JUSTICE WHITE, concurring, joined by JUSTICE MARSHALL). In the case before us, several of the twenty to twenty-five members of Barclay's own section of his law firm handled a continuing stream of casualty claim defenses for Motorists over a period of years before, during, and after the arbitration. This is not an indirect relationship, as in *Internatl. Produce, supra,* or *United States Wrestling Fed.* v. *Wrestling Div. of AAU, Inc.* (C.A.7, 1979), 605 F. 2d 313, nor is it remote in time or tenuous in connection, as in *Merit Ins. Co., supra,* or *Overseas Private Investment Corp.* v. *Anaconda Co.* (D.D.C. 1976), 418 F. Supp. 107. We hold, therefore, that an arbitrator's partnership in a law firm having a substantial, continuing attorney-client relationship with a party is grounds for vacating an arbitration award under R.C. 2711.10 (B).

Motorists argues that, because he had no knowledge of the conflict, Barclay could not possibly have been influenced by his firm's relationship with Motorists. But Barclay admits that he knew his firm conducted a busy insurance defense practice for a number of insurance companies, and that he had access to a client index and weekly "new client" notices which would have alerted him to the conflict if he had consulted them. In fact, he testified that he routinely did check the client index for conflicts when taking on a new client. We hold that the same duty is owed to the parties to an arbitration. Barclay had constructive knowledge of the conflict and was under an obligation, both under the AAA arbitration rules and the Code of Professional Responsibility (see, *e.g.,* EC 5-20) to discover and to disclose it.

In deciding this case, we emphasize the duty of inquiry and disclosure. When such is done, any possible conflict can be resolved by the parties prior to hearing. Thus resort to the courts is obviated, and this is, after all, the purpose of arbitration.

Therefore, Motorists' assignment of error is overruled.

Cross-appellant Close raises four cross-assignments of error, challenging

the trial court's remand of the case for a *de novo* arbitration.

"[Cross-Assignment of Error 1] The trial court erred in failing to find that Motorists Mutual had procured a favorable award, if not by corruption or fraud, then by undue means."

Close asserts that Motorists had a duty to disclose its relationship with Barclay's law firm, and that its failure to do so violates a fiduciary duty to its policyholder, justifying a vacation of the award as procured by corruption, fraud, or undue means under R.C. 2711.10(A). But the record is devoid of any evidence that Motorists used Barclay's partnership in the law firm in any way in the procurement of the award. In fact, the trial court concluded in an unchallenged finding of fact that Barclay was not influenced in any way by his position. The AAA instructions to the parties were to strike out the names of unwanted arbitrators, and contained no instruction to disclose alliances of interest with any of the arbitrators. That duty falls squarely on the arbitrator, as we have already held.

Accordingly, Close's first cross-assignment of error is overruled.

"[Cross-Assignment of Error 2] The trial court erred in failing to find that the two arbitrators were guilty of misbehavior or exceeded their powers, thus prejudicing the rights of appellee by their 'manifest disregard' of applicable law.

"[3] The trial court erred in failing to find that the award was grossly incorrect and unfair."

In these cross-assignments of error, Close argues that the arbitrators disregarded his argument that Mrs. Close responded to a "sudden emergency" and is, thus, innocent of any comparative negligence. The record, however, does not contain any evidence of the deliberations of the arbitrators, and we cannot impute to them any misbehavior or improper execution of their powers. The general policy in Ohio

is to encourage arbitration, and "every reasonable intendment will be indulged." *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321, at 329 [55 O.O. 195].

Thus, Close's second and third cross-assignments of error are overruled.

"[Cross-Assignment of Error 4] The trial court erred in failing to find that Motorists Mutual, by its conduct, has waived the uninsured motorists arbitration provision of its policy, thereby permitting the dispute between the parties to be resolved by a jury trial."

R.C. 2711.10 provides that "[i]f an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators." Close argues that, because the time for rehearing under this paragraph has clearly passed, the court must hear the case itself. Close points out that the contract, which is admittedly one of adhesion, does not require the policyholder to resort to arbitration more than once. With this we agree. But just as clearly, the parties are obligated to complete the full arbitration process at least once. The vacation of an arbitration award on procedural grounds leaves the parties as they were at the beginning of the process, and they are each entitled to begin anew. *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99.

Accordingly, Close's fourth cross-assignment of error is overruled.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.