BECK SUPPLIERS, INC., APPELLANT, *v.* DEAN WITTER REYNOLDS, INC. ET AL., APPELLEES.

(No. S-87-57—Decided September 30, 1988.)

*Murray & Murray Co., L.P.A., Dennis E. Murray, Sr.* and *Kirk J. Delli Bovi,* for appellant.

*Calfee, Halter & Griswold, Robert N. Rapp* and *Mitchell D. Blair,* for appellees.

*Per Curiam.* This case involves an appeal from two judgments of the Sandusky County Court of Common Pleas.

Plaintiff-appellant, Beck Suppliers, Inc., filed a complaint on August 29, 1984, seeking damages from defendants-appellees, Dean Witter Reynolds, Inc. and Thomas H. Petersen, for appellees' alleged negligence and breach of fiduciary duty in connection with recommendations and advice regarding an investment portfolio.

The trial court ordered that the case be submitted to arbitration on January 17, 1985 pursuant to the broker-customer agreement between the parties. Appellee Dean Witter Reynolds, Inc. selected, from a list of potential arbitrators provided by the American Arbitration Association, Jason C. Blackford as one of the arbitrators. Blackford was subsequently appointed chairman of the three-member panel. After a three-day hearing held September 18, 19 and 20, 1985, the arbitrators unanimously decided against appellant in favor of appellees.

On October 15, 1985, appellees moved the trial court to enter judgment in conformity with the arbitration award. Appellant filed a memorandum in opposition on October 25, 1985, asserting that the order to arbitrate the matter was improper. The

trial court granted appellees' motion and entered judgment in favor of appellees on November 5, 1985.

Appellant filed a supplemental motion to vacate[1] the arbitration award on January 16, 1986 on the ground that Blackford was a partner of the law firm which represented Sears, Roebuck & Co. (the parent corporation of appellee Dean Witter Reynolds, Inc.) and Allstate Insurance Company (a sister corporation to appellee Dean Witter Reynolds, Inc. and a wholly owned subsidiary of Sears, Roebuck & Co.) and therefore was a biased arbitrator. When appellees responded to this motion, they made reference to the November 5, 1985 judgment. Appellant claimed that this was the first time it had learned of the judgment and, therefore, filed a motion for relief from judgment pursuant to Civ. R. 60(B).

On February 28, 1986, the trial court granted appellant's Civ. R. 60(B) motion and vacated its November 5, 1985 judgment. In addition, the trial court ordered appellant to file a memorandum in opposition to appellees' October 15, 1985 motion to enter judgment in conformity with the arbitration award, and in support of its own motion to vacate the award. Appellees were also ordered to file a reply memorandum. This February 28, 1986 judgment was appealed to this court and affirmed December 19, 1986 (case No. S-86-16).

Appellant filed a memorandum and supplemental memorandum in support of the vacation of the arbitration award as directed by the court and asserted that Blackford was a biased arbitrator and that the court should vacate the award according to R.C. 2711.10(B). In addition, appellant challenged the appropriateness of submitting the case to arbitration in the first place. Appellees filed a supplemental memorandum in support of their motion and in opposition to the motion to vacate as well.

A hearing was held on September 8, 1987, during which the issues presented in the aforementioned motions and memorandum were presented. The trial court entered its judgment in the matter on October 1, 1987. By that judgment, the court held that it lacked jurisdiction to vacate the arbitration award because the motion to vacate was not filed within three months[2] of the delivery of the award to the parties as required by R.C. 2711.13. Furthermore, the court reinstated its prior order which entered judgment for appellees.

Appellant filed a motion for reconsideration which was denied on October 6, 1987.

Appellant then sought an appeal to this court of the October 1 and 6, 1987 judgments. On appeal, appellant asserts the following single assignment of error:

"The trial court committed prejudicial error by entering judgment in conformity with the arbitration award."

Appellant's first argument is that the trial court *sua sponte* entered judgment in conformity with the arbitration award after the September 8, 1987 hearing. It appears that appellant is arguing that the court failed to consider appellees' motion to enter judg-

---

[1] We note that a motion to vacate was never filed in this action and are uncertain as to why a "supplemental" motion was filed. Since appellant and the trial court both treated this pleading as an initial motion to vacate, we will do likewise.

[2] There is no record of when the arbitrators gave notice of their decision to the parties. However, appellant does not dispute that the motion to vacate was filed more than three months after it received the award.

ment and appellant's memorandum in opposition thereto since the court did not specifically make reference to these documents in its October 1, 1987 order.

This court fails to see how appellant can conclude from the trial court's October 1, 1987 judgment entry that it did not consider all of the evidence presented at the September 8, 1987 hearing in deciding to reinstate the November 5, 1985 judgment. Since the motion to confirm the award was pending before the court, and the court could not enter judgment without such a motion, we must presume that the trial court reviewed the motion and all memorandums relating thereto. Although the trial court's judgment entry is not specific, it is implicit that the court reconsidered appellees' motion to confirm the award and all pertinent matters relating thereto, and therefore, did not act *sua sponte* to enter judgment for appellees.

Appellant next argues that an R.C. 2711.10 motion to vacate need not be filed within three months of the delivery of the arbitration award to the parties.

R.C. 2711.13 states in pertinent part that:

"* * * [A]ny party to the arbitration may file a motion in the court of common pleas for an order vacating * * * the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of the motion to vacate * * * must be served upon the adverse party or his attorney within three months after the award is delivered to the parties * * *."

R.C. 2711.10(B) mandates that the court of common pleas issue an order vacating the arbitration award upon application of a party if there is any evidence of partiality or corruption by any one or more of the arbitrators.

A plain reading of the language of R.C. 2711.13 supports a finding that there is a three-month limitation for filing a motion to vacate pursuant to R.C. 2711.10. See *Ohio Council 8, AFSCME, AFL-CIO* v. *Lucas Metropolitan Housing Auth.* (Jan. 27, 1984), Lucas App. No. L-83-226, unreported; *Warren Edn. Assn.* v. *Warren City Bd. of Edn.* (1985), 18 Ohio St. 3d 170, 173, 18 OBR 225, 227-228, 480 N.E. 2d 456, 459; and *Teamsters Local Union 293* v. *Mannesmann Demag Corp.* (Nov. 21, 1985), Cuyahoga App. No. 49914, unreported, at 3-4.

Appellant relies on *Ohio Council 8, AFSCME* v. *Central State Univ.* (1984), 16 Ohio App. 3d 84, 16 OBR 89, 474 N.E. 2d 647, in support of its assertion that the three-month limitation of R.C. 2711.13 is not applicable to an R.C. 2711.10 motion to vacate. The *Central State* case involved an appeal from the trial court's judgment vacating an arbitration award pursuant to R.C. 2711.10(D) on the grounds that the award was vague, uncertain, and against the manifest weight of the evidence. The appellate court reversed the trial court's ruling, finding, instead, that the award was as definite and as broad as it could be. Before the appellant court addressed the issue of whether the award was final and definite, it first discussed the issue before us, *i.e.,* whether the three-month filing deadline of R.C. 2711.13 applies to R.C. 2711.10 motions. That court held that R.C. 2711.10 does not require any party to file a motion, but, rather, mandates that the court vacate an award if one of the conditions listed therein applies. Therefore, the court concluded that the R.C. 2711.13 time limit is not applicable to R.C. 2711.10.

We conclude, however, that the *Central State* case conflicts with the holding of the Supreme Court in *Warren Edn. Assn.* v. *Warren City Bd. of Ed., supra.* The *Warren* court held, at the syllabus, that a court must grant a

motion to confirm the arbitration award unless a timely motion to vacate has been made. In the body of the opinion, the court also stated that a motion to vacate on the grounds set forth in R.C. 2711.10 must be filed within three months, according to R.C. 2711.13, to be timely. *Id.* at 173, 18 OBR at 227-228, 480 N.E. 2d at 459.

Because appellant's motion to vacate was filed more than three months after the award was delivered to the parties, we must find that appellant's motion to vacate was not timely filed. The court, therefore, properly dismissed the motion for lack of jurisdiction.

Appellant next argues that the trial court should have applied the discovery rule so as to stay the time for filing the motion to vacate until appellant had learned of the alleged improper conduct of the arbitrator. Appellees argue, however, that the discovery rule is not applicable where the legislature has specifically defined the time for filing the motion.

We agree with appellees that the discovery rule is not applicable in this case. The rule was adopted in *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727, wherein the court addressed the issue of when a cause of action arose for purposes of the statute of limitations for bodily injury suits. The court in *O'Stricker* held that since the legislature did not define when a bodily injury cause arose, the judiciary was required to do so. After a review of Ohio law, the court concluded that the liberal view of the discovery rule was more equitable than the last-exposure rule.

However, in the case *sub judice*, R.C. 2711.13 specifically states that a motion to vacate the arbitration award must be filed within three months of the date the award is delivered to the parties. There is nothing ambiguous

about this statute. Thus, it is inappropriate to apply the discovery rule in this case. As was stated in *Warren Edn. Assn.* v. *Warren City Bd. of Edn., supra,* at 173, 18 OBR at 227-228, 480 N.E. 2d at 459, "[t]he jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited."

Appellant also asserts that it was error for the court to base its decision on the statute of limitations when this issue was never raised by the parties.

There is no merit to this contention whatsoever. It is axiomatic that a court may *sua sponte* dismiss a claim if it lacks subject matter jurisdiction. Civ. R. 12(H)(3). R.C. 2711.13 is clearly a jurisdictional restraint, and, therefore, the court properly dismissed the motion after determining that it was filed beyond the statutory deadline.

Appellant's key purpose for bringing this appeal is really to seek review of the issue of whether the arbitrator, Jason C. Blackford, was biased. Although appellant's motion to vacate on these grounds was filed too late to be considered by the court below, the challenge of bias was thoroughly argued in the hearing before the court below and was undoubtedly considered by the court in determining whether confirmation of the award was proper. Therefore, we also address this issue on appeal.

Arbitration is favored by the law, and, therefore, such proceedings will be affirmed unless one of the specific conditions of R.C. 2711.10 or 2711.11 is present so as to make the award unjust. *Gerl Constr. Co.* v. *Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App. 3d 59, 61, 24 OBR 113, 114-115, 493 N.E. 2d 270, 273-274. Appellant is arguing that R.C. 2711.10(B) is applicable to the case *sub judice*. That section provides that an arbitration award must be vacated if "[t]here was

evident partiality or corruption on the part of the arbitrators, or any of them."

Appellant argues that Blackford was biased because his law firm represented the parent and sister corporation of appellee, Dean Witter Reynolds, Inc. Appellant relies on the case of *Commonwealth Coatings Corp.* v. *Continental Cas. Co.* (1968), 393 U.S. 145, and *Close* v. *Motorists Mut. Ins. Co.* (1985), 21 Ohio App. 3d 228, 21 OBR 244, 486 N.E. 2d 1275, to support his argument that the appearance of bias was sufficient to vacate the award. An appearance of bias is alleged to exist because Blackford, as an attorney for the related corporations, had a fiduciary duty to zealously represent the corporations. Appellant argues that this fiduciary duty would require Blackford to favor appellees in order to protect the financial well-being of Sears and Allstate.

The *Commonwealth* case involved an arbitration panel composed of two arbitrators chosen by each of the parties and a third "neutral" arbitrator selected by the other two arbitrators. This third arbitrator was an engineering consultant who had previously worked for one of the parties to the arbitration. Although there had been no work performed within the last year, the arbitrator had received about $12,000 over the preceding four or five years. In a plurality opinion, Justice Black recognized that although an arbitrator cannot eliminate all ties with the business world, there was a greater need to ensure impartiality of arbitrators than judges because arbitration awards are not subject to appellate review. *Id.* at 148-149. Thus, Justice Black concluded that even the appearance of bias must be avoided. Justice White's concurrence, however, tempered this view by adding that the goal should be to ensure full disclosure where an "arbitrator has a substantial interest in a firm which has done more than trivial business with a party * * *." *Id.* at 151-152. The dissent argued that a *per se* rule was not practical and that the circumstances and effect of nondisclosure should be considered.

*Commonwealth* has been interpreted by the lower federal courts as requiring a case-by-case analysis which seldom results in vacating an award. These courts generally hold that some evidence of actual bias is necessary or at least that there be sufficient evidence of circumstantial facts which would give rise to a question of bias. The "appearance of bias" standard has, generally, been disregarded and Justice White's concurrence viewed as authoritative. See *Internatl. Produce, Inc.* v. *A/S Rosshavet* (C.A.2, 1981), 538 F. 2d 548, at 551; *Toyota of Berkeley* v. *Auto. Salesmen's Union, Local 1095, United Food & Commercial Workers Union* (C.A.9, 1987), 834 F. 2d 751, at 755; *Ormsbee Dev. Co.* v. *Grace* (C.A.10, 1982), 668 F. 2d 1140, at 1147, certiorari denied, *sub nom. Grace* v. *Santa Fe Pacific RR. Co.* (1982), 459 U.S. 838; and *Fertilizer Corp. of India* v. *IDI Mgt., Inc.* (S.D. Ohio 1981), 517 Supp. 948, at 954-955. Cf. *Tamari* v. *Bache Halsey Stuart, Inc.* (C.A.7, 1980), 619 F. 2d 1196, certiorari denied (1980), 449 U.S. 873; *Merit Ins. Co.* v. *Leatherby Ins. Co.* (C.A.7, 1983), 714 F. 2d 673, certiorari denied (1983), 464 U.S. 1009; and *Middlesex Mut. Ins. Co.* v. *Levine* (C.A.11, 1982), 675 F. 2d 1197.

In the *Close* case, an Ohio appellate court also interpreted *Commonwealth* and applied Justice White's substantial interest test. The *Close* case involved an arbitrator whose law firm had in the past and currently represented the prevailing party in the arbitration. Although the arbitrator was not aware of the relationship, he was aware of the fact that the firm did a lot of insurance

defense work and a check of the firm's client index would have revealed this particular relationship. The court, therefore, held that the arbitrator's constructive knowledge was sufficient to give him a duty to disclose the relationship. Because of the direct and substantial relationship between the arbitrator and the prevailing party, the court held that the award was properly vacated.

The court in *Close* did not delineate whether it was requiring more than the mere appearance of bias. However, its analysis concentrated on Justice White's concurrence rather than Justice Black's opinion. A more recent decision from the same appellate district clearly confirms that that court requires more than a speculation or appearance of bias. *Furtado* v. *Hearthstone Condominium Assn.* (May 19, 1987), Franklin App. No. 86AP-1003, unreported, at 4.

If we apply Justice White's substantial interest test in this case, appellant will not prevail. The bias alleged in this case is supposed to arise from the arbitrator's duty to zealously represent the parent and sister corporations of appellees. We find that this "relationship" between the arbitrator and the appellees is too indirect and remote to substantiate any inference of bias. *Gerl Constr. Co.* v. *Medina Cty. Bd. of Commrs., supra* (24 Ohio App. 3d), at 63, 24 OBR at 116-117, 493 N.E. 2d at 273-274. Both the *Commonwealth* and *Close* cases are therefore distinguishable from the case *sub judice* because they involved a direct relationship between the prevailing party and the arbitrator.

Without proof of any actual bias in this case, we must find that the arbitrator was impartial and that the award should be confirmed.

Appellant's last argument is that if the trial court's order confirming the arbitration award is reversed, then this matter should be remanded for a jury trial and not a second arbitration. In addition, appellant stated during oral argument that although it agreed to arbitration the first time, a second arbitration was improper. Therefore, since appellant challenges only the appropriateness of a second arbitration on reversal, this issue is rendered moot by our finding that the arbitration award was properly confirmed.

In consideration of the above, we find appellant's sole assignment of error not well-taken.

Having found that substantial justice has been done the party complaining, we affirm the judgment of the Sandusky County Court of Common Pleas.

*Judgment affirmed.*

CONNORS, HANDWORK and GLASSER, JJ., concur.