KING et al., Appellants,

v.

SENTRY CLAIMS SERVICE et al., Appellees.

[Cite as *King v. Sentry Claims Serv.* (1991), 71 Ohio App.3d 701.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59900.

Decided March 26, 1991.

*Friedman, Domiano & Smith Co., L.P.A.,* and *Jeffrey H. Friedman,* for appellants.

*Huffman, Thomas & Massetti* and *Michael Thomas,* for appellees.

---

*Per Curiam.*

Delilah King and her mother, Andrea Krajnik, appeal the trial court's vacation of an arbitration award and entry of declaratory judgment. For the reasons set forth below, we reverse and remand.

In 1986, Delilah King was apparently injured in a pedestrian-automobile accident on the premises of the Lakewood Board of Education. Attorney Howard Schulman filed a complaint on behalf of King and her mother against the Lakewood City School District regarding this accident. Soon thereafter attorney Jeffrey Friedman was substituted as counsel for King and her mother.

In 1987, Delilah King was injured in an accident as a passenger in an automobile operated by Rachel Twining. Twining's car was rear-ended by a car operated by Richard Paynter, whose insurance was insufficient to compensate for King's injuries and medical expenses. King and her mother, plaintiffs, filed a complaint against Twining's insurer, Sentry Claims Service ("Sentry"), defendant, pursuant to Twining's uninsured/underinsured motorist coverage.

The case was stayed, pending arbitration, pursuant to the Sentry policy. The panel of arbitrators included Howard Schulman, chosen by plaintiffs, another attorney chosen by defendant, and a neutral attorney chosen by the other two arbitrators. In a two-to-one decision, the arbitration panel awarded plaintiffs $120,000.

Defendant filed an application for vacation of the arbitration award pursuant to R.C. 2711.10, and for declaratory judgment. Defendant asserted that the arbitration award was procured as a result of fraud, misconduct and partiality on the part of plaintiffs and their chosen arbitrator, Howard Schulman. Defendant attached the affidavit of its attorney, Michael A. Thomas, who stated that Schulman improperly failed to disclose "that said arbitrator represented the claimant in a proceeding involving a claim directly related to the alleged injuries that were the subject matter of the instant Arbitration Hearing." Defendant also asked the court for declaratory judgment excluding plaintiffs as insureds under its policy because plaintiffs by their misconduct violated the spirit of the insurance agreement.

In opposition to defendant's application for vacation of the arbitration award, plaintiffs asserted that the lawsuit against the Lakewood City School District regarding King's 1986 accident was distinct and separate from the claim against defendant Sentry which arose out of the 1987 accident. Plaintiffs attached five affidavits which state that Schulman signed the complaint arising out of the 1986 accident as a professional courtesy for attorney Jeffrey Friedman, because Friedman's partner represented other school boards; that Friedman was substituted as counsel for Schulman soon after the complaint was filed; that Friedman informed counsel for Lakewood City School District that he was acting counsel, even though Schulman signed the complaint; that Schulman never met with plaintiffs regarding the 1986 accident; and that Schulman never entered into a representation agreement with plaintiffs, nor had any pecuniary interest in any matter regarding plaintiffs.

In its journal entry vacating the arbitration award, the court of common pleas stated that "although there has been no showing of impropriety, fraud or misconduct as such, in order to avoid the appearance of same, defendant Sentry Claims' application for vacation of arbitration award and declaratory judgment is granted." Plaintiffs King and her mother brought this timely appeal of that decision.

All three of appellants' assignments of error assert that the trial court erred in vacating the arbitration award, and accordingly will be addressed together.[1]

---

1. Appellants' assignments of error read in full as follows:
   "The trial court abused its discretion in vacating an arbitration award based on a standard of avoiding the appearance of fraud, partiality or misconduct, instead of the proper standard requiring a clear showing.
   "The trial court erred in vacating an arbitration award where there was no evidence of fraud, partiality or misconduct.

The trial court vacated the arbitration award pursuant to R.C. 2711.10, which states as follows:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

■ An arbitration award may not be vacated absent a clear showing of fraud, misconduct, or gross procedural improprieties. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 522, 71 O.O.2d 509, 512, 330 N.E.2d 703, 707, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303.

"The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award. Thus, this court has stated, '[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.'" *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83–84, 22 OBR 95, 97–99, 488 N.E.2d 872, 874–876, quoting *Campbell v. Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329, 55 O.O. 195, 199, 123 N.E.2d 401, 405.

In *Close v. Motorists Mut. Ins. Co.* (1985), 21 Ohio App.3d 228, 21 OBR 244, 486 N.E.2d 1275, the Franklin County Court of Appeals affirmed the vacation of an arbitration award due to evident partiality of an arbitrator. In *Close*, the arbitrators found in favor of the defendant insurance company regarding

"The trial court abused its discretion in vacating the arbitration award pursuant to the 'avoiding the appearance of bias' standard, where there was no evidence of a substantial relationship between an arbitrator and plaintiff."

an accident claim. One of the arbitrators was a partner in a law firm which continuously represented the defendant insurance company in accident claims cases. The court concluded that although an appearance of bias alone is insufficient to vacate an arbitration award, "an arbitrator's partnership in a law firm having a substantial, continuing attorney-client relationship with a party is grounds for vacating an arbitration award under R.C. 2711.10(B)." *Id.* at 230, 21 OBR at 245, 486 N.E.2d at 1278.

The same court affirmed the confirmation of an arbitration award in favor of the defendant, where the plaintiff had provided "no direct or definite evidence that the arbitrator did not act with complete impartiality," because "the phrase 'evident partiality' connotes more than a mere suspicion or appearance of partiality." *Furtado v. Hearthstone Condominium Assn.* (May 19, 1987), Franklin App. No. 86AP–1003, unreported, at 4, 1987 WL 11606. In that case, the sole arbitrator was a friend of, rented office space from, and received some referrals from defendant's counsel, who chose him to be the arbitrator.

In *Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc.* (1988), 53 Ohio App.3d 98, 103, 558 N.E.2d 1187, 1192, the Sandusky County Court of Appeals concluded from *Close* and *Furtado, supra,* that an arbitration award cannot be vacated based on a speculation or appearance of bias without proof of actual bias. In *Beck,* a motion to vacate the arbitrators' award was based on the fact that one of the arbitrators was a partner in a law firm which represented the parent and sister corporations of Dean Witter. Dean Witter prevailed in the arbitration. The movant's assertion that the arbitrator's fiduciary duty to the related corporations required him to be partial to Dean Witter was rejected by the trial court, which found that the arbitrator's relationship to Dean Witter was "too indirect and remote to substantiate any inference of bias." *Id.,* 53 Ohio App.3d at 103, 558 N.E.2d at 1193.

In *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270, this court affirmed confirmation of an arbitration award, which favored Medina County, even though one of the arbitrators was president of a company which received a $40,000 subcontract for a Medina County project. This court found that "the interest of the arbitrator was too remote and contingent to induce any reasonable suspicion that it could have influenced his decision," where the projects were unrelated, there was no directed contractual relationship between the arbitrator's company and the county, there was no contact between them, and no promise of future contracts. *Id.* at paragraph one of the syllabus and at 61–63, 24 OBR at 114–117, 493 N.E.2d at 273–276.

■ In this case, appellees provide no evidence of bias, partiality or misconduct in support of their motion to vacate. Relying on *Close, supra,* they argue that the court reasonably inferred bias, because the lawsuits arising out of King's 1986 and 1987 accidents were directly related, and Schulman, therefore, improperly failed to disclose his representation of appellants regarding the 1986 accident.

Appellees also provide no evidence explaining how the lawsuits arising out of the two different accidents are related, or how the relationship would affect Schulman's partiality, other than to refer to the complaint. We find no reference to the 1986 accident in the complaint. Furthermore, the *Close* case is distinguishable from this case. In *Close,* the arbitrator's law firm had handled, and continued to handle, a substantial number of accident claim cases for the insurance company which prevailed in the arbitration. Here, Schulman, among others, swore that he only signed the complaint regarding the 1986 accident as a professional courtesy to appellants' counsel, that he received no payment, never met appellants, and had no representation agreement with them. Schulman, therefore, did not have a close, substantial or economic relationship with appellants. Since bias cannot reasonably be inferred from this relationship, and since appellees provided no evidence of bias, misconduct or fraud, the trial court erred in vacating the arbitration award and granting declaratory judgment. Accordingly, that judgment is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA and ANN McMANAMON, JJ., concur.

DAVID T. MATIA, P.J., dissents.

DAVID T. MATIA, Presiding Judge, dissenting.

I respectfully dissent from the opinion of the majority. In the case *sub judice,* defendant-appellee Sentry Claims Services ("Sentry") alleged partiality or corruption on the part of arbitrator Howard A. Schulman as a result of an alleged prior attorney-client relationship that had existed between the plaintiffs-appellants and Schulman. Sentry, in its motion to vacate the arbitration award, alleged that Schulman had previously filed a lawsuit on behalf of the appellants against the Lakewood Board of Education for injuries suffered prior to the motor vehicle accident which formed the basis of the present appeal.

This court, in *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App.3d 59, 24 OBR 113, 493 N.E.2d 270, established that an arbitration

award *should* be vacated where there existed an *undisclosed relationship* between one of the arbitrators and one of the parties and an impression of possible bias is created. Specifically, the court in *Gerl* analyzed the various leading cases which have dealt with the issue of vacating an arbitration award on the basis of partiality.

"However, prior to *Polk*, this court recognized that:

" 'Authorities are numerous on the question of disqualification of arbitrators on account of interest in the matter submitted, or of special interest in one of the parties.

" 'In the 5th Vol. of Am. & Eng. Enc. of Law and Practice, pp. 83 and 84, authorities are collected, both English and American, and the result is summed up in the test:

" ' "To constitute grounds for setting aside the award, the bias must have been such as to furnish reasonable ground for believing that the arbitrator was improperly influenced.*

" ' "If the interest of the arbitrator was too remote and contingent to induce any reasonable suspicion that it could have influenced his decision, the award will not be set aside." '  *Ernst v. McDowell* (1911) [33 OCD 91], 18 Ohio C.C. (N.S.) 360, 366.

"Similarly, the New York Supreme Court, Appellate Division, in *Cross Properties, Inc. v. Gimbel Brothers, Inc.* (1962), 15 App.Div.2d 913, at 914, 225 N.Y.Supp.2d 1014, 1016, affirmed (1962), 12 N.Y.2d 806, 236 N.Y.Supp.2d 61 [187 N.E.2d 129] stated the general modern rule:

" ' * * * The type of relationship which would appear to disqualify is one from which it may not be unreasonable to infer an absence of impartiality, the presence of bias or the existence of some interest on the part of the arbitrator in the welfare of one of the parties.'*

"The Vermont Supreme Court in *R.E. Bean Constr. Co. v. Middleburg Assoc.* (1980), 139 Vt. 200, at 207, 428 A.2d 306, at 310, relied in part upon *Cross* when it commented:

" ' * * * An award should be vacated where undisclosed relationships create an impression of possible bias.*  However, if that rule is not "to emasculate the policy of the law in favor of the finality of arbitration," not every relationship will require that an award be vacated. *San Luis Obispo Bay Properties, Inc. v. Pacific Gas & Electric Co.*, 28 Cal.App.3d 556, 568, 104 Cal.Rptr. 733, 741 (1972). *Only relationships from which one could reasonably infer bias, not those which are "peripheral, superficial or insignificant," will require vacating the award.  Cross Properties, Inc. v.*

*Gimbel Brothers, Inc.*, 15 App.Div.2d 913, 914, 225 N.Y.S.2d 1014, 1016 (per curiam), *aff'd mem.*, 12 N.Y.2d 806, 187 N.E.2d 129, 236 N.Y.S.2d 61 (1962).'

"It should be noted that the foregoing cases deal only with the direct relationship between the arbitrator and one of the parties. More analogous to the instant case is *Freeport Constr. Co. v. Star Forge, Inc.* (1978), 61 Ill.App.3d 999, 1003–1004 [19 Ill.Dec. 57, 61], 378 N.E.2d 558, 562, which notes:

"' * * * While the case law indicates that an undisclosed relationship between an arbitrator and a nonparty may also "be sufficient to create an impression of bias" (*San Luis Obispo Bay Properties, Inc. v. Pacific Gas & Electric Co.*, 28 Cal.App.3d 556, 104 Cal.Rptr. 733, 742 (1972); *McKinney Drilling Co.*, 32 Md.App. 205, 359 A.2d 100, 104 [ (1976) ]), it is obvious that the nexus between the non-party and the arbitration must be substantial in order to reasonably create such an impression. In the final analysis, these matters must be decided on a case-by-case basis depending on the facts. 28 Cal.App.3d 556, 104 Cal.Rptr. 733, 742; *Colony Liquor Distributors, Inc. v. Teamsters Local 699*, 34 App.Div.2d 1060, 312 N.Y.S.2d 403, 405 (1970).' " (Emphasis added.) *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.*, *supra*, 24 Ohio App.3d at 62, 24 OBR at 115, 493 N.E.2d at 274.

A review of the record herein clearly reveals the creation of an impression of possible bias as a result of the previous filing of a lawsuit on behalf of the appellants by arbitrator Howard A. Schulman. This impression of possible bias is even more evident in light of the fact that the arbitration award was not the result of a unanimous decision and that a continuing legal-business relationship exists between Howard A. Schulman and appellants' counsel. *This possible bias was not "peripheral, superficial or insignificant" and the trial court's vacation of the arbitration award was mandated as a result of the specter of partiality which tainted the original arbitration hearing.*

Therefore, I would affirm the judgment of the trial court.