[Cite as *Mason v. Mason Professional Firefighters, IAFF Local 4049*, 2016-Ohio-7194.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CITY OF MASON, OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-12-111 |
| | : | O P I N I O N |
| - vs - | | 10/3/2016 |
| | : | |
| MASON PROFESSIONAL FIREFIGHTERS, | : | |
| IAFF LOCAL 4049, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15CV87262


Wood & Lamping LLP, Edward S. Dorsey, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and Rebecca J. Bennett, Thomas H. Barnard, Joseph J. Brennan, Key Tower, 127 Public Square, Suite 4100, Cleveland, Ohio 44114, for plaintiff-appellant

Hardin, Lazarus & Lewis LLC, Kimberly Rutowski, 30 Garfield Place, Suite 915, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, the city of Mason, appeals a decision of the Warren County Court of Common Pleas denying the city's application to vacate the arbitration award in favor of defendant-appellee, the Mason Professional Firefighters, IAFF Local 4049 ("Union"), and granting confirmation. For the reasons detailed below, we reverse the decision of the trial

court and remand for further proceedings.

{¶ 2} This case raises issues with arbitrator partiality and the need to disclose third-party employment or affiliation with an outside entity. The present dispute arises out of the termination of Joe Rosell, a former firefighter and paramedic for the city of Mason. In April 2014, the city terminated Rosell's employment due to alleged dishonesty in connection with a disciplinary investigation. Pursuant to the collective bargaining agreement between the city and the Union, the Union filed a grievance with respect to Rosell's termination. The city denied the grievance and the Union pursued the grievance to arbitration.

{¶ 3} The collective bargaining agreement between the city and the Union requires that the parties obtain a panel of neutral arbitrators from the Federal Mediation Conciliation Service ("FMCS"). Pursuant to the agreement, the parties alternatively struck names from the FMCS list until the parties could agree on the selection of an arbitrator. Specifically, the agreement provided:

> STEP 4. THE ARBITRATION PROCEDURE. Within ten (10) days from the date of the final answer received under Step 2 of the grievance procedure, the Union shall notify the Employer of its intent to seek arbitration over an unadjusted grievance. Only the Union may authorize an appeal to arbitration. Within ten (10) days of providing notice of the intent to arbitrate, the union shall request the Federal Mediation and Conciliation Service to submit a panel list of seven (7) arbitrators. The parties shall then choose an arbitrator by alternatively striking names from the list until such time as one name remains as the arbitrator chosen by the parties. The Union shall first strike a name. Prior to beginning the striking procedure, either party may once reject a list and submit a request for another list from the FMCS.

The parties initially agreed on the selection of Terry Bethel. However, one week prior to arbitration, Bethel disclosed a potential conflict of interest and was excused as the arbitrator.

{¶ 4} After Bethel was excused, the parties obtained a new FMCS arbitrator list and, utilizing the same strike method, selected Howard Tolley. On February 6, 2015, Tolley conducted a hearing on the matter and later issued a written decision and award on March

17, 2015. Tolley's decision upheld Rosell's grievance and ordered the city to reinstate Rosell with back pay and benefits. Specifically, Tolley found the city did not conduct a fair, objective investigation, and did not have substantial evidence of guilt.

{¶ 5} After issuing this decision, Tolley sent an invoice to the city through e-mail. For the first time, Tolley's signature block on the e-mail identified himself as the Executive Director of Unitarian Universalist Justice Ohio ("UUJO"), which is affiliated with the Unitarian Universalist Church. At no prior point did Tolley disclose this relationship, nor did he include this position on his curriculum vitae. According to the city, UUJO is "a 'state advocacy network,' and among its purposes is to advocate for employees and causes supported by organized labor."[1]

{¶ 6} Following this disclosure, the city moved to vacate Tolley's arbitration decision pursuant to R.C. 2711.10. In so doing, the city alleged that Tolley had failed to make any prior disclosure of his employment with UUJO and had actively concealed his status as Executive Director. The city also argued that Tolley was not qualified to act as arbitrator under the terms of the collective bargaining agreement because UUJO is an advocacy group in violation of FMCS requirements and it would never have selected Tolley as an arbitrator if it had known this information.

{¶ 7} The magistrate held a hearing on the city's motion to vacate and the Union's motion to confirm the arbitration award. The magistrate ruled against the city by denying the motion to vacate and then confirmed the arbitration award in favor of the Union. The city filed objections to the magistrate's decision, which were overruled by the trial court. The city now appeals the decision of the trial court, raising a single assignment of error for review.

---

1. The mission statement for the UUJO states:

> Unitarian Universalist Justice Ohio organizes justice seekers statewide to promote education, service and advocacy consistent with Unitarian Universalist liberal religious principles and to witness with and on behalf of marginalized groups and individuals.

{¶ 8}   THE TRIAL COURT ERRED BY DENYING THE CITY'S MOTION TO VACATE THE ARBITRATION AWARD AND IN GRANTING APPELLEE'S APPLICATION TO CONFIRM.

{¶ 9}   In its sole assignment of error, the city alleges the trial court erred by denying its motion to vacate the arbitration award and by granting the Union's motion to confirm.  The decision of the trial court to deny the City's motion to vacate is governed by R.C. 2711.10, which states:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) Evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶ 10}   Initially, we decline to adopt any argument concerning the legal or factual inaccuracy in the arbitrator's decision, as the parties agreed to enter into binding arbitration, and, as a consequence, agreed to accept the decision regardless of factual or legal accuracy.  Appellate review of an arbitration award is limited to an evaluation of the confirmation order of the trial court.  *Frisch's Restaurants Inc. v. Fortney & Weygandt, Inc.*, 8th Dist. Cuyahoga No. 89802, 2008-Ohio-4121, ¶ 19.  The substantive merits of the award are not reviewable absent evidence of material mistakes or extensive impropriety.  *Id*.  *See Buchholz v. West Chester Dental Group*, 12th Dist. Butler No. CA2007-11-292, 2008-Ohio-

5299, ¶ 37, citing *Motor Wheel Corp. v. Goodyear Tire & Rubber Co.*, 98 Ohio App.3d 45, 52 (8th Dist.1994) (finding that if the trial court could vacate an arbitrator's decision based on legal or factual inaccuracies then arbitration would turn into a system of "junior varsity trial courts").

{¶ 11} The concerning issue in this case is whether Tolley's involvement and nondisclosure of his position with UUJO amounts to "evident partiality," one of the grounds for vacation of an arbitration decision under R.C. 2711.10. The seminal case on the issue of undisclosed background information involving an arbitrator is *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 89 S.Ct. 337 (1968). In *Commonwealth*, the arbitrator failed to disclose that the defendant was a significant business customer of the arbitrator. After discovering the relationship, the plaintiff challenged the arbitration panel's award. In vacating the award, a plurality of the court stated:

> We have no doubt that if a litigant could show that a foreman of a jury or a judge in a court of justice had, unknown to the litigant, any such relationship, the judgment would be subject to challenge * * * [W]e should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges * * * We can perceive no way in which the effectiveness of the arbitration process will be hampered by the simple requirement that arbitrators disclose to the parties any dealings that might create an impression of possible bias.

*Id.* at 148-49.

{¶ 12} Subsequent decisions under Ohio law also provide that undisclosed relationships with nonparties can amount to evident partiality, provided the nexus between the nonparty and the arbitration is substantial. *See Frisch's Restaurants, Inc. v. Fortney & Weygandt, Inc.*, 8th Dist. Cuyahoga No. 89802, 2008-Ohio-4121; *Shook, Inc. v. Corp. Interior Sys., Inc.*, 2d Dist. Montgomery No. 19639, 2003-Ohio-2089; *Close v. Motorists Mut. Ins. Co.*, 21 Ohio App.3d 228 (10th Dist.1985). However, "evident partiality" must be "more than a mere suspicion or appearance of partiality." *Reynoldsburg City School Dist. Bd. of Edn. v.*

*Licking Hts. Local School Dist. Bd. of Edn.*, 10th Dist. Franklin No. 11AP-173, 2011-Ohio-5063, ¶ 25. "The appellant must present some evidence of actual bias or evidence of circumstantial fact which would give rise to a question of bias." *Id.*, citing *Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc.*, 53 Ohio App.3d 98 (6th Dist.1988), paragraph four of the syllabus; *Buchholz*, 2008-Ohio-5299 at ¶ 40 ("[e]vident partiality requires proof of actual bias"). The matters must be decided on a case-by-case basis depending on the facts. *Williams v. Colejon Mechanical Corp.*, 8th Dist. Cuyahoga No. 68819, 1995 WL 693129, *3 (Nov. 22, 1995).

{¶ 13} In the present case, the trial court denied the city's motion to vacate and concluded:

> Based upon a thorough and independent review of the record in this case, the Court finds the Magistrate correctly determined no bias or partiality existed in this case on the part of arbitrator Tolley, as the "mere imaginative appearance or suspicion of partiality is insufficient to establish under R.C. 2711.10(B) that there was 'evidence partiality' [sic] on the part of the arbitrator." The Magistrate was further accurate in his conclusion that nondisclosure of peripheral matters unrelated to an arbitration, as in the case here, do not meet the high standard set forth in R.C. 2711.10 to vacate the arbitration award.

{¶ 14} Based on our review, we find the facts and circumstances in the present case depart from normal procedures of arbitration significantly enough to find evident partiality. The record in this case establishes that Tolley's involvement with UUJO is not indirect or trivial in the sense that he was an arms-length member of an organization supporting some social justice positions. Rather, Tolley served as the Executive Director for the organization in a paid role and, according to the UUJO articles of incorporation and bylaws, was responsible for:

> 1. Implementing the policies, programs, and activities established by the Board;
>
> 2. Operating and/or overseeing the operation of the programs and activities established by the Board;

3. Recommending to the Board the hiring, compensation, and discharging, of other staff and supervising employees in accord with established personnel policies and procedures.

4. Managing the resources of UUJO;

5. Serving as a spokesperson of UUJO;

6. Representing UUJO with the UU State Advocacy Network.

7. Performing such tasks as may be required by the policies of the Board or requested by the Board.

While not every involvement in an organization needs to be disclosed, it is concerning that Tolley, serving in an executive position of influence, did not inform the parties of his involvement with UUJO until following the issuance of his arbitration decision. This is especially concerning when considered in light of the limited authority that courts have in reviewing arbitration proceedings. *See Ohio Patrolmen's Benevolent Assn. v. Trenton*, 12th Dist. Butler No. CA2012-11-238, 2013-Ohio-3311, ¶ 17 ("[p]arties who agree to resolve their disputes via binding arbitration agree to accept the result, even if the arbitrator's decision is based on factual inaccuracies or the arbitrator's incorrect legal analysis").

{¶ 15} The record further supports the city's position that they were prejudiced by the nondisclosure of this information.[2] While UUJO aligns itself with many issues and causes, the record before the court does indicate the support of a number of positions that would be unacceptable to a party representing the management side of an arbitration decision. Although the concurrence in *Commonwealth* cautioned restraint in judicial involvement, the

---

2. The city references a number of UUJO newsletters and documents and argues that UUJO is an "employee-centric, directly focusing its attention on a litany of employee issues, including, but not limited to, making advancements in LGBT: Lesbian, Gay, Bisexual, and Transgender employment non-discrimination laws, eliminating the ability of employer's to screen applicants past on prior criminal convictions, and even pressuring [an] Ohio-headquartered restaurant, Wendy's, to participate in the Coalition of Immokalee Workers' Fair Food Program, an organized labor program aimed at, among other things, increasing farm employee wages." The city also presented information regarding UUJO's affiliation with organized labor "through its relationship with Ohio Organizing Collaborative, a self-described 'innovative statewide organization uniting community organizations, faith institutions, labor unions, and policy groups across Ohio.'"

opinion also emphasized the need for "an atmosphere of frankness at the outset."

> [I]t is far better that the relationship be disclosed at the outset, when the parties are free to reject the arbitrator or accept him with knowledge of the relationship and continuing faith in his objectivity, than to have the relationship come to light after the arbitration, when a suspicious or disgruntled party can seize on it as a pretext for invalidating the award.

*Commonwealth*, 393 U.S. at 151.

{¶ 16} Based on the facts and circumstances of this case, we find that the city has met the burden of proving "evident partiality" for purposes of vacating the decision of the trial court. This decision is not made lightly, as we recognize that disgruntled parties may often attempt to seize on perceived bias in an attempt to get a second chance at litigating their claim. However, the law recognizes certain ways of vacating an arbitration decision. In the present case, it is difficult to comprehend why Tolley failed to disclose his executive role with the UUJO and the city's arguments for vacating that award are well-taken. Accordingly, we sustain the city's sole assignment of error, vacate the arbitration award, and remand the matter to the trial court for further proceedings.

{¶ 17} Judgment reversed and remanded.

PIPER, P.J., and S. POWELL, J., concur.