NAPOLEON STEEL CONTRACTORS, INC., APPELLEE, *v.* MONARCH CONSTRUCTION COMPANY, APPELLANT.

(No. C-810305—Decided March 31, 1982.)

*Messrs. Strauss, Troy & Ruehlmann* and *Mr. Mitchell B. Goldberg,* for appellee.

*Messrs. Graydon, Head & Ritchey* and *Mr. Glenn V. Whitaker,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The appellant, Monarch Construction Company, entered into a contract with the appellee, Napoleon Steel Contractors, Inc., which provided that in exchange for a stated compensation, to be paid by the appellant, the appellee would install reinforcing steel in the underground portion of a hotel and office complex being constructed in downtown Cincinnati. After the appellee allegedly completed performance of the contract, a dispute arose between the appellee and appellant regarding payment under the contract. After several months of negotiation, the appellee demanded arbitration of the dispute apparently as provided under their contract.[1] Subsequently the appellant likewise demanded arbitration of several claims it asserted against the appellee.

After lengthy proceedings, the arbitration panel issued an award deciding, initially, only the liability portion of the parties' claims. Each party was found liable on a portion of the claims made. The panel reserved decision on the damages portion of the claims pending submission of memoranda from the parties. The panel did not entertain oral argument upon the briefs on the damages issues. Thereafter, the panel issued an award ordering the appellant to pay the appellee $61,220.03.

The appellee subsequently filed an application to confirm the arbitration award and the appellant filed an application for vacation, or, in the alternative, correction of the arbitration award. Prior to ruling on these applications, the lower court granted a protective order preventing the appellant from deposing the arbitrators and denied the appellant leave to subpoena the arbitrators to the hearing on the applications. On March 31, 1981, the lower court granted the appellee's application and denied the appellant's. The instant appeal derives from that judgment.

---

[1] The record does not contain a copy of the contract.

The appellant assigns two errors, the first of which is that the lower court erred in confirming the arbitration award. The appellant argues the confirmation was erroneous because the award was not mutual, final and definite, because it granted relief beyond the scope of the parties' submission, and because it included an unlawful interest charge.

The appellant's arguments do not avail.

The appellant's argument that the arbitration award was not mutual, final, and definite is premised on the arbitration panel's failure to specifically rule, in its award, on the appellant's counterclaim. The award included the language, "[t]his Award is in full settlement of all claims submitted to this Arbitration." Under Ohio law, this statement was sufficient indication that all matters submitted to the panel had been ruled on by it. *Rice* v. *Hassenpflug* (1887), 45 Ohio St. 377, paragraph three of the syllabus. Since the appellant's point is based solely on the argument that the failure to rule specifically on the appellant's counterclaim constitutes prejudicial error, we hold that it is without merit.

The appellant also argues that the arbitration award granted relief beyond the submission of the parties because, contrary to law, it granted the appellee $866.87 more than the appellee allegedly submitted was due it. The appellant correctly points out that an arbitration award which is in excess of the submission of the parties is invalid. See 6 Ohio Jurisprudence 3d 59, Arbitration and Award, Section 60. However, the exiguous record in this cause prevents us from determining the precise nature of the parties' submission to the arbitration panel.

Our examination of the record reveals documentary evidence supporting and contradicting the appellant's assertion that the arbitration award was beyond the parties' submission. Given this contradictory state of the record and the appellant's failure to clearly demonstrate what comprised the parties' submission[2] and how the arbitration award went beyond it, we are compelled to hold that the appellant's contention is without merit.

The appellant argues lastly that the lower court erred in confirming the arbitration award because the award contained an illegally excessive interest rate provision in violation of R.C. 1343.03. The arbitrators ordered that the amount awarded to the appellee would bear interest at ten per cent per annum until paid. R.C. 1343.03 provides,

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of eight per cent per annum, and no more."

Thus, under this statute once the lower court entered judgment confirming the arbitrators' award the judgment could not carry a rate of interest in excess of eight per cent per annum.[3] As such, the rate of interest contained in the judgment in the instant cause must be modified to comport with R.C. 1343.03. However, the appellant has failed to meet its burden of

---

[2] Because of the nature of the record in this cause and upon the relevant authorities on the question, we decline to hold, as the appellant would have us do, that the appellee's brief on the damages issue constitutes the complete submission of the parties beyond which the arbitration panel could not lawfully make an award.

[3] This assumes that the parties had not stipulated to a rate other than that provided by R.C. 1343.03. See *Rice* v. *Hassenpflug, supra,* paragraph four of the syllabus.

demonstrating upon the record before us that the arbitrators' original award of ten per cent interest per annum was erroneous and thus we will not disturb that award. Our disposition of this question, then, is to allow the ten per cent interest rate in the original award to remain in effect from the date specified in the arbitration award until the date of the lower court's confirmation of the award. The award will, from that date forward, bear interest at eight per cent per annum in accordance with R.C. 1343.03.

The appellant's second assignment of error is that the lower court erred in refusing to permit the appellant to depose the chairman of the arbitration panel and in not allowing the appellant to subpoena the chairman to testify at the hearing on the parties' applications concerning the award. The appellant argues that the chairman's testimony was discoverable and also admissible at the hearing on the parties' applications.

We cannot agree.

The testimony of arbitrators is discoverable and admissible to show what matters were presented to them and what claims were or were not included by them in the award. *Corrigan* v. *Rockefeller* (1902), 67 Ohio St. 354. However, such testimony is not discoverable or admissible to impeach the arbitrators' award. *Id.*

The arbitration award in this cause expressly states that the award was issued in settlement of all claims submitted to the panel, and as we held, *supra,* that statement is sufficient indication that all matters submitted to the panel were ruled on by it. Thus, there was no need to discover or to admit further evidence on the issue of what matters were included in the award. Further, the appellant's desire to question the panel chairman regarding the method used to calculate the damages falls within the ambit of attempting to impeach the arbitrators' award, and thus the arbitrator's testimony on this point was not discoverable or admissible. For these reasons the appellant's second assignment of error is overruled.

The judgment of the court of common pleas is affirmed as modified by this decision.

*Judgment accordingly.*

SHANNON, P.J., KEEFE and KLUSMEIER, JJ., concur.