931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny EIDI, Plaintiff-Appellant,
v.
KIDDER, PEABODY & CO., INC., Defendant-Appellee.
 No. 90-3697.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1991.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 RALPH B. GUY, JR., Circuit Judge.
 
 
 1
 The question presented on appeal is whether the three-month period of limitations for filing a motion to vacate an arbitration decision, set forth in Ohio Rev.Code Ann. Sec. 2711.13, begins to run when the attorney representing a litigant receives a copy of the arbitration decision, or begins to run only when the arbitration litigant receives notice of that decision. Plaintiff, Danny Eidi, appeals the magistrate's holding that the limitations period began to run when Eidi's attorney received the decision of an arbitration proceeding to which Eidi was a party. Eidi contends that service upon a party's attorney is not sufficient and that a copy of the arbitration award must be delivered to the litigant before the statute of limitations begins to run. We disagree with Eidi and affirm the magistrate's decision, although for reasons which differ somewhat from the magistrate's analysis.
 
 I.
 
 2
 Eidi and defendant, Kidder, Peabody & Co., Inc. (Kidder, Peabody), were signatories to a brokerage contract which provided, inter alia, for the arbitration of any dispute which might arise out of the performance of the contract. A dispute arose and was submitted to an arbitration panel of the New York Stock Exchange. Immediately following a hearing on May 24, 1989, the arbitrators rendered their decision dismissing both plaintiff's claim and defendant's counterclaim.
 
 
 3
 The rules governing the arbitration panel of the New York Stock Exchange provide in pertinent part:
 
 
 4
 (c) The Director of Arbitration shall endeavor to serve a copy of the award: (i) by registered or certified mail upon all parties, or their counsel, at the address of record; or, (ii) by personally serving the award upon the parties; or, (iii) by filing or delivering the award in such manner as may be authorized by law.
 
 
 5
 New York Stock Exchange Arbitration Rule 627(c) Sec. 2627. The attorney representing Eidi during the arbitration proceedings received a copy of the arbitration decision within a couple of days of May 24, 1989. Eidi claims that he did not receive a copy of this decision from his attorney until July 20, 1989. On October 6, 1989--more than four months after Eidi's attorney received the arbitration decision and less than three months after Eidi claims to have received notice of the decision--Eidi filed with the Lucas County Court of Common Pleas a complaint alleging breach of the brokerage contract and a motion to vacate the arbitration award pursuant to Ohio Rev.Code Ann. Sec. 2711.10.[1] Thereafter, defendant removed the action to federal district court pursuant to 28 U.S.C. Secs. 1332(a)(1) and 1441, and the parties consented to referring the case to a magistrate pursuant to 28 U.S.C. Sec. 636(c).
 
 
 6
 Kidder, Peabody subsequently filed a motion to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief. Defendant argued that Eidi's claim was time barred under Ohio Rev.Code Ann. Sec. 2711.13,[2] which provides that notice of a motion to vacate an arbitration award "must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest." Eidi responded that his action was not time barred because the phrase "parties in interest" requires service on the litigant, not the litigant's attorney, and he did not receive notice of the arbitration decision until July 20, 1989.[3] Treating defendant's motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the magistrate granted the motion on the basis that the three-month period during which Eidi could challenge the arbitration decision began to run when his attorney received the decision in May 1989.
 
 II.
 
 7
 We review de novo a grant of summary judgment. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987). Summary judgment is appropriate when no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court determines whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Of course, "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). This standard of review is applicable to all judgments granting motions to dismiss under Fed.R.Civ.P. 12(b)(6) whenever the district court has considered matters outside the pleadings to dismiss the suit. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986).
 
 
 8
 According to the foregoing standard of review and for purposes of this appeal, we accept as true Eidi's factual allegation that he did not receive notice of the arbitration decision until July 20, 1989. Therefore, if Eidi's proposition is valid--that Ohio law requires service of the arbitration award on the litigant before the statute of limitations begins to run on motions to vacate the award--then Eidi's claim was timely filed within the statutory three-month period and he would be entitled to pursue the merits of his claim.[4] Thus, in this diversity action, our task as a federal court is to determine whether, if faced with the question, the Ohio Supreme Court would hold that the phrase "parties in interest" is limited to the named litigants and does not include the attorneys who may represent parties in arbitration proceedings.[5] See Erie R.R. v. Tompkins, 304 U.S. 64, 78-80 (1938); Filley v. Kickoff Publishing Co., 454 F.2d 1288, 1291 (6th Cir.1972). We conclude that the Ohio Supreme Court would reject such a proposition.[6]
 
 
 9
 In Ohio, "[n]otice to the attorney of a party to a legal proceeding respecting matters arising and orders made during the course of litigation is generally imputable to such party." Raible v. Raydel, 162 Ohio St. 25, 120 N.E.2d 425, 427 (Ohio 1954). In Raible, the Supreme Court of Ohio approved the application of this rule of agency even when the attorney may fail to communicate notice to the client. Id. The court explained this rule as follows:
 
 
 10
 The general agency rule that the principal is chargeable with and bound by the knowledge of or notice to his agent received by the agent in due course of his employment, with reference to matters to which his authority extends, even though such knowledge or notice is not actually communicated to the principal, applies to the relation of attorney and client, and an attorney's notice or knowledge of facts affecting the rights of his client will be considered notice to the latter. Thus, the rule applies to notice to an attorney in connection with a pending judicial proceeding, it being said that if this were not so, the orderly and effective administration of justice would be thwarted, and by carelessness or collusion unseemly and unjust delays would be judicially sanctioned.
 
 
 11
 Id. (quoting 6 Ohio Jurisprudence (2d), 56, Section 38).[7] Although sections 2711.08 and 2711.13 do not specifically state that awards may be delivered upon a party's attorney, we find that Ohio's general rule of agency requires the phrase "parties in interest" to be read as allowing for delivery of arbitration awards upon the arbitration litigants' respective attorney representatives as a means of satisfying the notice requirements of those code sections.[8]
 
 
 12
 Eidi argues that cases construing the notice and limitations provisions of a statute analogous to sections 2711.08 and 2711.13 have held that the time limitation for filing an appeal from an award or order does not begin until the actual litigants receive notice of the award or decision. Although Ohio courts have held that Ohio Rev.Code Ann. Sec. 4123.522 requires the industrial commission that hears disputes pursuant to that statute to notify both the party and the party's representative before the period of limitations in section 4123.519 begins to run,[9] we find section 4123.522 is not analogous to the code provisions at issue here. Section 4123.522 provides that "[t]he employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award or decision under this chapter." Ohio Rev.Code Ann. Sec. 4123.522.[10] This language explicitly places upon the industrial commission the statutory duty to notify both the party and the party's representative; such explicitness is conspicuously lacking in the code chapter applicable to arbitration.
 
 
 13
 Ohio courts have applied the general rule of agency when construing statutory language that does not explicitly require notice to both the parties and their representatives. In Lutz v. Evatt, 144 Ohio St. 635, 60 N.E.2d 473, 474 (1945), the court reviewed the provisions of Gen.Code Sec. 5611-1 (now Ohio Rev.Code Ann. Sec. 5717.03), which then required that decisions of the Board of Tax Appeals be sent "to all persons who were parties to the appeal before it," and held that a copy of the order mailed to the litigant's attorney constituted notice to the party. Even where Ohio law requires creditors having claims against an estate to present their claims to "the executor or administrator" of an estate, Ohio Rev.Code Ann. Sec. 2117.06, the general rule that notice to an attorney of record constitutes notice to the client applies. When the executrix of an estate appoints an attorney to represent her in the administration of the estate, a claim against the estate presented to the attorney but not to the executrix personally satisfies the presentment requirements of Ohio Rev.Code Ann. Sec. 2117.06. Peoples Nat'l Bank v. Treon, 16 Ohio App.3d 410, 476 N.E.2d 372, 373 (1984).
 
 
 14
 Eidi does not dispute that an attorney of his own designation represented him in the arbitration proceedings. By appointing this attorney as his agent, Eidi implicitly authorized him to accept on Eidi's behalf pleadings or decisions resulting from the arbitration. There is nothing in the record to indicate that this designation of agency was ever withdrawn or that Eidi instructed the New York Stock Exchange to forward arbitration decisions directly to him, rather than to his attorney. It is uncontroverted that his attorney received a copy of the arbitration award in late May 1989, more than four months before Eidi filed his motion challenging the arbitration proceeding.[11] Because Eidi's motion to vacate was filed more than three months after the award was delivered to his attorney, the motion was not timely filed pursuant to section 2711.13, and the magistrate lacked subject matter jurisdiction. Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc., 53 Ohio App.3d 98, 558 N.E.2d 1187, 1191 (1988); see also Warren Educ. Assoc. v. Warren City Bd. of Educ., 18 Ohio St.3d 170, 480 N.E.2d 456, 459 (1985).
 
 
 15
 Accordingly, the decision to dismiss plaintiff's motion is AFFIRMED.
 
 
 
 [1]
 Section 2711.10 reads as follows:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 (A) The award was procured by corruption, fraud, or undue means.
 (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.
 
 
 [2]
 Section 2711.13 reads in its entirety as follows:
 After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
 Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
 Although the arbitration panel's decision to dismiss plaintiff's claim and defendant's counterclaim may not seem at first glance like an "award," where an arbitration decision includes the language "[t]his Award is in full settlement of all claims submitted to this Arbitration," this statement is sufficient to indicate that all matters submitted have been ruled on, Napoleon Steel Contractors, Inc. v. Monarch Constr. Co., 3 Ohio App.3d 410, 445 N.E.2d 743, 744 (1982) (syllabus of court), and that an award has been made. The decision of the arbitration panel in this case sufficiently models the language quoted in the Napoleon Steel case.
 
 
 [3]
 Eidi also opposed defendant's motion on the basis that the three-month statute of limitations contained in section 2711.13 does not apply to actions brought under section 2711.10. The magistrate held otherwise, and Eidi does not appeal from this ruling. We note that the Ohio Supreme Court has stated that motions to vacate arbitration awards pursuant to section 2711.10 must be brought within the time allowed under section 2711.13. Warren Educ. Assoc. v. Warren City Bd. of Educ., 18 Ohio St.3d 170, 480 N.E.2d 456, 459 (1985) (dicta). Although merely dicta, this statement was subsequently adopted by the Ohio Court of Appeals. Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc., 58 Ohio App.3d 98, 558 N.E.2d 1187, 1190 (1988)
 
 
 [4]
 Without passing on the merits of Eidi's motion to vacate the award, we note that, so far, no evidence has been produced to support Eidi's allegations that the award was procured through the means proscribed by section 2711.10 (corruption, fraud, undue means, evident partiality, or material error of the arbitrators). Arbitration is favored by law, so such proceedings will be affirmed unless one of the specifically enumerated statutory conditions is present, making the award unjust. Beck Suppliers, 558 N.E.2d at 1191
 
 
 [5]
 The language "parties in interest" appears not only in section 2711.13, but also in the code provision addressing the service of arbitration decisions, which reads:
 The award made in an arbitration proceeding must be in writing and must be signed by a majority of the arbitrators. A true copy of such award without delay shall be delivered to each of the parties in interest. The parties to the arbitration agreement may designate therein the county in which the arbitration shall be held and the award made.
 Ohio Rev.Code Ann. Sec. 2711.08.
 
 
 [6]
 At oral argument, plaintiff directed the court's attention for the first time to Lockhart v. American Reserve Insurance Co., 2 Ohio App.3d 99, 440 N.E.2d 1210 (1981), arguing that it provided the controlling law for the instant case. In Lockhart, the court was presented with the question whether constructive delivery of an arbitration award complies with the procedural admonition of section 2711.08 that "[a] true copy of such award without delay shall be delivered to each of the parties in interest." Id. at 1215. In that case, rather than physically receiving a copy of the award, plaintiff's counsel learned of the arbitration decision only through a telephone conversation with defendant's counsel. The court assumed, arguendo, that this constituted constructive delivery, but nevertheless held it "invalid in order to avoid bypassing the legitimate objectives served by literal delivery." Id. (emphasis added). Thus, the Lockhart holding addresses how notice must be received to be effective, and it has no bearing on the issue we face here involving who must receive notice. Unlike the plaintiff's attorney in Lockhart, there is no question here that a copy of the award was literally and actually delivered to Eidi's attorney
 
 
 [7]
 This general principle, that the attorney is the client's agent, is consistent with federal practice. In Link v. Wabash Railroad, 370 U.S. 626 (1962), the Supreme Court considered the propriety of a dismissal of a party's complaint because of his counsel's failure to appear for a pretrial proceeding:
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."
 Id. at 633-34 (citation and footnote omitted).
 
 
 [8]
 We also note that the contract between Eidi and defendant provided for any disputes relating to the contract to be settled by arbitration in accordance with the rules of either the American Arbitration Association or the Board of Arbitration of the New York Stock Exchange. Thus, there is a serious question as to whether section 2711.08 is even applicable to these proceedings. The rules governing the arbitration panel of the New York Stock Exchange, the panel that heard and decided Eidi's claim, provide in pertinent part:
 (c) The Director of Arbitration shall endeavor to serve a copy of the award: (i) by registered or certified mail upon all parties, or their counsel, at the address of record....
 New York Stock Exchange Arbitration Rule 627 Sec. 2627 (emphasis added).
 
 
 [9]
 See Weiss v. Ferro Corp., 44 Ohio St.3d 178, 542 N.E.2d 340, 344 (Ohio 1989), and Moore v. National Castings, Inc., No. L-89-381 (Ohio App. Dec. 14, 1990)
 
 
 [10]
 Ohio Rev.Code Ann. Sec. 4123.522 was amended, effective November 3, 1989, and now includes the following language: "Neither the employee nor the employer shall be deemed to have received notice until the notice is received ... by both the employee and his representative of record and both the employer and his representative of record." This amendment post-dates the cases cited by plaintiff and discussed herein and does not purport to apply retroactively
 
 
 [11]
 Eidi also claims that his right to due process of law was violated by the magistrate's decision that the statute of limitations began to run two months before Eidi ever received notice of the arbitration decision on July 20, 1989. This assertion, however, mischaracterizes the magistrate's ruling, which held that Eidi, in effect, received notice of the arbitration award through his attorney in late May 1989. Because we affirm the magistrate's ruling that Eidi received notice when his attorney received the arbitration award, the argument supporting Eidi's claim of a due process violation has no basis