**OHIO OFFICE OF COLLECTIVE BARGAINING et al., Appellees,**

v.

**OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION,
LOCAL 11, AFSCME, AFL–CIO, Appellant.**

[Cite as *Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL–CIO* (1992), 73 Ohio App.3d 392.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–902.

Decided Jan. 16, 1992.

*Lee I. Fisher*, Attorney General, and *Jack W. Decker*, for appellees.

*Linda K. Fiely*, for appellant.

TYACK, Judge.

On August 4, 1989, Anthony J. Kent was employed as a youth leader at the Training Institution Central Ohio ("TICO"). Harley Cherry was an individual who had been adjudicated a juvenile delinquent and was confined at TICO. An altercation occurred between Kent and Cherry. Kent struck the first blow but claimed that he did so to defend himself from a blow about to be struck by Cherry.

Kent's employment was terminated as a result of the altercation on a theory that he had "abused" Cherry.

Pursuant to the terms of the applicable collective bargaining agreement between Kent's union (Ohio Civil Service Employees Association, Local 11, AFSCME, AFL–CIO) and the state of Ohio, Department of Youth Services, a grievance was pursued and ultimately submitted to binding arbitration. The arbiter found that Kent had not abused Cherry and ordered Kent returned to employment with full back pay.

The state of Ohio, Office of Collective Bargaining, and Department of Youth Services then filed an application to vacate the arbitration award in the Court of Common Pleas, Franklin County, Ohio. The state agencies argued that a public policy exception to the rule of finality concerning arbitration awards existed and should be applied.

The trial court vacated the award, holding:

" * * * Accepting the facts as having been found by the Arbitrator herein and, construing those facts most favorably toward the grievant, those facts clearly demonstrate and the Arbitrator specifically found that the grievant struck the first physical blow in this encounter with the youth.

"Therefore, it is the finding of this Court that the Arbitrator in question exceeded his power in reversing the termination of the grievant and, since the Arbitrator has found there was physical violence initiated by the youth leader toward the inmate, there has been an abuse of the patient and, therefore, the Arbitrator does not have the authority to modify the termination of said employee committing such abuse. * * * "

■ Ohio Civil Service Employees Association, Local 11, AFSCME, AFL–CIO ("OCSEA") has timely appealed, assigning a single error with two subparts for our consideration:

"The court of common pleas erred when it decided that the arbitrator's award was contrary to the terms of the contract.

"A. The court of common pleas erred by substituting the arbitrator's interpretation of the contract and determination of facts with its own.

"B. The court of common pleas erred by not applying the correct standard in reviewing the arbitrator's award."

The two sub-parts are addressed jointly.

R.C. 2711.10 sets forth the circumstances in which a court may vacate an arbitration award. It states:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

The trial court apparently interpreted R.C. 2711.10(D) in such a way that it felt a factual determination with which it disagreed constituted exceeding the arbitrator's powers "so * * * that a mutual, final, and definite award upon the subject matter submitted was not made." The trial court's interpretation was wrong.

The arbitrator addressed the factual question of whether Kent abused Cherry and found that abuse had not occurred, in part at least because Kent acted in self-defense. The award was mutual, final and definite in its order that Kent be returned to employment with back pay. Thus, the express words of the statute provided no basis for the trial court to vacate the award.

■ Appellee has argued that allowing a youth leader to strike a youth in custody before the youth has struck the youth leader is against public policy, which thereby invokes considerations found to be implicit in R.C. 2711.10 by applicable case law interpreting it. We are not persuaded that allowing a youth worker, prison guard or other state worker to act in self-defense is against public policy.

The arbiter expressly found:

"In this situation Kent experienced abuse by Cherry. That abuse preceded Kent's striking out. As Kent had a bona fide fear for his safety in this situation[,] the fact that he delivered the initial blow cannot be held to constitute abuse within the meaning of the agreement.  * * * "

This finding is a clear finding of the elements of self-defense both in a criminal law and in a civil law context. The fact that those who deal with troubled youth should be encouraged to use forbearance in dealing with their charges does not make an act of self-defense into an abuse nor does it make the arbiter's decision into an erroneous decision on public policy grounds.

As a result, the assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded with instructions that the arbitration award be reinstated.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE and McCORMAC, JJ., concur.