[Cite as *Parker v. Dimension Serv. Corp.*, 2018-Ohio-5248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Champion Chrysler, Plymouth Jeep, and Ed Parker et al., | : | |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 17AP-860 |
| v. | | (C.P.C. No. 17CV-0342) |
| | : | |
| Dimension Service Corporation, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on December 27, 2018

**On brief:** *Kegler Brown Hill + Ritter Co. LPA, Thomas W. Hill,* and *Robert G. Schuler,* for appellees. **Argued:** *Thomas W. Hill.*

**On brief:** *Nardone Limited, Vincent J. Nardone,* and *Christopher W. Tackett,* for appellant. **Argued:** *Christopher W. Tackett.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Dimension Service Corporation ("Dimension"), appeals from a judgment of the Franklin County Court of Common Pleas that granted the plaintiffs-appellees' motion to confirm a final arbitration award and overruled Dimension's motion to vacate the final arbitration award. For the following reasons, we affirm the judgment.

**I. FACTUAL AND PROCEDURAL HISTORY**

{¶ 2} Dimension administers vehicle service contracts to automobile purchasers. Each of the appellees, Champion Chrysler, Plymouth Jeep and Ed Parker, Bert Ogden

Dealer Group, Ferguson Dealer Group, Allen Tillery Chevrolet and Great Lakes Insurance Agency, Inc., entered into a Profit Share Agreement ("PSA") with Dimension.[1]  All of the appellees, except Great Lakes Insurance Agency, Inc., were car dealers and offered consumers a Dimension vehicle service contract at the point of sale.  On July 28, 2014, appellees and Darryl Hickman (collectively "claimants") served a joint arbitration demand on Dimension pursuant to the mandatory arbitration provisions in the PSAs, arguing that Dimension failed to make payments in violation of its obligation to do so under the PSAs. Claimants filed a single demand for consolidated arbitration because they were each pursuing claims for additional profit share payments pursuant to identical PSAs.  The arbitration demand nominated Kirk Borchardt to serve as the claimants' selected arbitrator.  Dimension nominated Frank A. Ray as its selected arbitrator.  The final arbitrator, Richard Neville was selected.  On January 12, 2015, Dimension objected to the consolidated arbitration.

{¶ 3}  After briefing, on March 16, 2015, the arbitration panel held that the claims of the six claimants would be consolidated for discovery and motion practice purposes. The panel examined the PSAs finding the same language in each granted the panel broad authority.  The consolidation decision set forth that, "[t]he Panel, having been granted this broad authority, finds that this is a proper case for consolidated discovery and motion practice based in part on the principle that arbitration is intended to be an efficient, timely, and cost-effective alternative to litigation." (Mar. 16, 2015 Decision.)  The decision set forth that consolidation for discovery and motion practice purposes would "not prevent separate, individual evidentiary presentations as to defenses or claims," and Dimension was free to petition the arbitration panel to request a separate hearing for any individual claimant and the panel would consider the request.  (Decision.)

{¶ 4}  In August 2015, Arbitrator Borchardt resigned from the arbitration panel. Borchardt had accepted a job as a consultant for Innovative Aftermarket Systems, Inc., the parent company of First Dealer Resources, LLC, the entity that served as Dimension's

---

[1] Darryl Hickman was a claimant in the arbitration but the arbitration panel ruled in favor of Dimension and against Hickman.  Therefore, Hickman did not apply to have the arbitration confirmed and is not an appellee in these proceedings.

marketing representative. Borchardt acknowledged that he was resigning because of the conflict of interest.

{¶ 5} Subsequently, claimants appointed Jason Dubner to replace Borchardt. Dimension objected to Dubner on September 18, 2015 because Dubner had previously served as an arbitrator in a separate arbitration proceeding between Dimension and two of the present claimants and because Dubner had previously represented clients of Frank Klaus, an individual with business relationships with claimants. The arbitration panel denied Dimension's request to disqualify Dubner.

{¶ 6} The arbitration panel issued an interim award on October 19, 2016, granting relief to each of the appellees, but denying relief to Darryl Hickman. Dimension filed a motion for reconsideration alleging calculation errors. The arbitration panel issued a final award on December 27, 2016.

{¶ 7} Appellees filed an application for an order confirming the final arbitration award in the Franklin County Court of Common Pleas and Dimension filed a motion to vacate the final arbitration award. The trial court granted the motion to affirm and denied the motion to vacate.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Dimension filed a timely notice of appeal and asserts the following assignments of error:

> [I.] By holding that the arbitration panel had authority to consolidate six separate bilateral arbitration claim[s], the Trial Court erred in its legal conclusion and ruled in conflict with the U.S. Supreme Court ruling in *Stolt-Neilsen v. AnimalFeeds International,* by failing to recognize that parties must expressly consent to authorize consolidation of separate claims.

> [II.] The Trial Court erred in finding that the arbitration panel did not exceed its authority under R.C. 2711.10(D), while failing to consider the language of the arbitration agreements, which did not grant the panel authority to consider the request to consolidate or authority to order consolidation.

> [III.] The Trial Court erred in finding that the arbitration panel had authority to consider consolidation regarding

Appellees' six separate claims against the Appellant Dimension, because R.C. 2712.52 specifically provides that a petition, along with proof of unanimous consent to consolidation, must be filed with the courts to consolidate separate arbitration claims.

[IV.] The Trial Court Erred in finding that the arbitration panel had authority to consolidate any two of the appellees' six separate claims against Dimension because the consolidation question is a threshold arbitrability question that was reserved for the Courts, as expressed in *Shakoor v. VXI Glob. Solutions*, 2015-Ohio-2587, ¶ 48 (7th Dist.) and *Stolt-Nielsen*.

[V.] The Trial Court erred in failing to consider that Arbitrator Borchardt resigned from the arbitration panel for a conflict of interest with Claimants' agent, and had participated in the improper consolidation ruling, which further tainted the consolidation ruling and amounted to evident partiality.

[VI.] The Trial Court erred in failing to consider the nature and extent of involvement that Claimants' agent had in Claimants' disputes with Appellant Dimension, when the Trial Court incorrectly ruled that the agent's prior financial relationship with Arbitrator Dubner did not amount to evident partiality, requiring the arbitration award to be vacated under R.C. 2711.10.

[VII.] The Trial Court erred in ruling that the arbitration panel did not exceed its authority when the arbitration panel failed to consider the express language of all six agreements, which stated that Allstate was required to calculate the amount of any profit share payments due under the agreements.

[VIII.] The Trial Court erred in failing to consider direct evidence of double-counting to award more than $69,000 that Dimension had already paid to satisfy a 2012 arbitration award, and erred in incorrectly finding that the double-counting was within the panel's interpretive discretion.

## III. ANALYSIS

{¶ 9} Ohio has a well-established public policy that favors arbitration. *State v. Ohio Civ. Serv. Emps. Assn., Local 11 AFSCME AFL-CIO*, 10th Dist. No. 14AP-906, 2016-

Ohio-5899, ¶ 12. Arbitration awards are presumed valid, and a reviewing court may not merely substitute its judgment for that of the arbitrator. *Id.*

{¶ 10} "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 22. "A trial court may not evaluate the actual merits of an award and must limit its review to determining whether the appealing party has established that the award is defective within the confines of R.C. Chapter 2711." *Telle v. Estate of William Soroka,* 10th Dist. No. 08AP-272, 2008-Ohio-4902, ¶ 9. Since R.C. Chapter 2711 is the method to challenge an arbitration award, "[t]he jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." *Warren Edn. Assn. v. Warren City Bd. of Edn.,* 18 Ohio St.3d 170, 173 (1985).

{¶ 11} R.C. 2711.10 provides that a court may vacate an award "upon the application of any party," for any of the following reasons: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption on the part of the arbitrators; (3) the arbitrators are guilty of misconduct in refusing to postpone the hearing, or refusing to hear pertinent and material evidence; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. R.C. 2711.10 thus "limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.,* 42 Ohio St.2d 516 (1975), paragraph two of the syllabus.

{¶ 12} R.C. 2711.09 provides that when a party applies to the court for an order confirming an arbitration award, the court "shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." "The language of R.C. 2711.09 is mandatory. If no motion to vacate or modify an award is filed, the court must confirm an arbitration award given a timely motion under R.C. 2711.09." *MBNA Am. Bank, N.A. v. Jones,* 10th Dist. No. 05AP-665, 2005-Ohio-6760, ¶ 14.

{¶ 13} "An appeal may be taken from an order confirming, modifying, correcting or vacating an award made in an arbitration proceeding or from a judgment entered upon an award." R.C. 2711.15. However, because "[a] trial court is precluded from evaluating the actual merits of an award and must confine itself to determining whether the appealing party has established that the award is defective in a manner recognized by R.C. Chapter 2711," on appeal, "the standard of review is further restricted." *MBNA Am. Bank, N.A.* at ¶ 10-11.

{¶ 14} "[W]hen a court of appeals reviews a trial court's judgment concerning an arbitration award, the appellate court must confine its review to evaluating the order issued by the trial court pursuant to R.C. Chapter 2711." *State v. Ohio Civ. Serv. Emps.* at ¶ 13. Thus, when "an appeal is taken from an order confirming, modifying, correcting, or vacating an arbitration award, the review is confined to the order and the original arbitration proceedings are not reviewable." *Robert W. Setterlin & Sons v. North Mkt. Dev. Auth.*, 10th Dist. No. 99AP-141 (Dec. 30, 1999), citing *Lockhart v. Am. Reserve Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist.1981). That limited "review of the trial court's decision confirming arbitration is conducted under an abuse of discretion standard." *MBNA Am. Bank, N.A.* at ¶ 11.

{¶ 15} The trial court found that Dimension did not demonstrate evident partiality and the arbitration panel did not exceed its authority, and thus, granted appellees' motion to affirm and denied Dimension's motion to vacate the arbitration award. In its first four assignments of error, Dimension argues that the trial court erred in finding that the arbitration panel could properly consolidate the claims. Dimension argues four reasons the consolidation constitutes an error. First, Dimension argues that the parties must expressly consent to consolidation pursuant to *Stolt-Nielsen S.A. v. AnimalFeeds Internatl. Corp.*, 559 U.S. 662 (2010). Second, Dimension argues that the arbitration panel exceeded its authority because the language of the arbitration agreements did not grant the panel the authority to consolidate. Third, Dimension argues that the arbitration panel did not have the authority to consider consolidation because, pursuant to R.C. 2712.52, a petition, along with proof of unanimous consent to consolidation, must be filed with the courts to consolidate separate arbitration claims. Finally, Dimension argues that the arbitration panel did not have the authority to consolidate because the consolidation

question is a threshold arbitrability question that was reserved for the courts, as expressed in *Shakoor v. VXI Global Solutions*, 7th Dist. No. 14 MA 59, 2015-Ohio-2587, ¶ 48 and *Stolt-Nielsen*.

{¶ 16} Dimension contends that *Stolt-Nielsen* held that arbitrators cannot force collective arbitration and express consent is required to consolidate bilateral arbitrations. However, *Stolt-Nielsen* specifically applies to class actions. Dimension mischaracterizes the *Stolt-Nielsen* holding because the United States Supreme Court held that express consent is required to consolidate class-action arbitrations, not bilateral arbitrations, because class-action arbitrations are fundamentally different from bilateral action arbitrations. As the court explained, class-action arbitration "changes the nature of the arbitration" because the arbitrator's award "no longer resolves a single agreement, but instead resolves many disputes between hundreds or perhaps even thousands of parties." *Stolt-Nielsen* at 686. "The arbitrator's award no longer purports to bind just the parties to a single arbitration agreement, but adjudicates the rights of absent parties as well." *Id*.

{¶ 17} In this case, the arbitrators consolidated the actions for the limited purposes of discovery and motion practice. Further, the arbitration panel's decision expressly permitted Dimension to request a separate hearing for any individual claimant but Dimension did not make any such requests. Moreover, we note that Dimension waited more than five months after the joint demand for arbitration was made to object to the consolidation.

{¶ 18} Dimension argues that the arbitrators exceeded their authority by consolidating the actions because the PSAs did not grant the panel authority to consider the request to consolidate or authority to order consolidation. The Federal Arbitration Act provides that an arbitration panel only has the rights and duties that are provided under the contract. *Reyna Capital Corp. v. McKinney Romeo Motors, Inc.*, 2d Dist. No. 24538, 2011-Ohio-6806, ¶ 37.

{¶ 19} The arbitration provision in the PSAs provides:

> The arbitrators need not observe judicial formality or strict rules of evidence, and they shall make their award from a standpoint of practical business practices and equity rather than strict law.

(PSA at ¶ 13.)

{¶ 20} The panel observed, based on this broad authority, that these cases were proper for consolidated discovery and motion practice as an efficient, timely, and cost-effective alternative to litigation.  Since the contracts were identical and the defenses were likely identical, the panel found consolidation permissible by the contract language and efficient.  (Mar. 16, 2015 Decision.)  The arbitrators did not violate any provision in the agreements by consolidation.  Rather, the language gives the arbitrators broad powers.

{¶ 21} Dimension argues that R.C. 2712.52 requires a petition to the court and unanimous consent of the parties for consolidation of arbitration.  R.C. 2712.52 provides, as follows:

> (A) If the parties to two or more arbitration agreements have agreed, in their respective arbitration agreements or otherwise, to consolidate the arbitrations arising out of those arbitration agreements, the court of common pleas, on application by one party with the consent of all the other parties to those arbitration agreements, may do one or more of the following:
>
> (1) Order the arbitrations to be consolidated on terms the court considers just and necessary;
>
> (2) If all the parties cannot agree on an arbitral tribunal for the consolidated arbitration, appoint an arbitral tribunal in accordance with section 2712.20 of the Revised Code;
>
> (3) If all the parties cannot agree on any other matter necessary to conduct the consolidated arbitration, make any other order it considers necessary.
>
> (B) Nothing in this section shall be construed to prevent the parties to two or more arbitrations from agreeing to consolidate those arbitrations and taking any steps that are necessary to effect that consolidation.

{¶ 22} R.C. Chapter 2712 is not applicable to these facts.  R.C. 2712.02(A) provides: "This chapter applies to international commercial arbitration and conciliation, subject to any agreement that is in force between the United States or any other state or states." R.C. 2712.03(A)(1) defines "international arbitration" as one in which "[t]he parties to an arbitration or conciliation agreement have, at the time of the conclusion of that

agreement, their places of business in different states."   A "state" is defined in R.C. 2712.03(B) "[f]or purposes of this section, the states, districts, commonwealths, territories, and insular possessions of the United States and the areas subject to the legislative authority of the United States shall be considered one state."   Thus, since these facts do not involve international commercial arbitration, it is inapplicable here.

{¶ 23} Finally, in its brief, Dimension argues that consolidation is a threshold question of arbitrability for the courts to determine.   Dimension cites *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845, ¶ 12 (10th Dist.), for the proposition that "identifying the allowable parties to an arbitration is a fundamental question of arbitrability, which may only be decided by the courts, and not an issue of procedural arbitrability." (Dimension brief at 38.)   However, again Dimension misconstrues the case law.   In *West*, an insurer sought a motion to stay proceedings and compel arbitration.   The insurer was not a party to the arbitration rider and the subject matter of the litigation was outside the scope of the arbitrable issues.   *West* is distinguishable from the case at hand because its facts involved a motion to stay litigation already pending in the court, a party who was not a party to the arbitration rider and an issue that was not within the scope of the arbitrable issues.   Thus, this court determined that the trial court needed to determine whether the parties before the court were the same parties named in the agreement to arbitrate and whether they agreed to arbitrate the dispute in question before the trial court orders arbitration.   The holding was not that consolidation is a threshold question of arbitrability for the courts.

{¶ 24} Federal Circuit Courts of Appeal have consistently held that the matter of consolidation is not a threshold question of arbitrability for a court to decide, but, rather, is a matter of procedure for the arbitrator.   *See Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 587 (3d Cir.2007)("In this case, the parties agree that they agreed to arbitrate the matter -- the question is merely whether they agreed to individualized or consolidated proceedings as a matter of procedure.") ("[I]n the face of contractual silence, arbitral resolution of procedural issues is presumed[.]"); *Emps. Ins. Co. of Wausau v. Century Indemnity Co.*, 443 F.3d 573, 577 (7th Cir.2006) citing *Dockser v. Schwartzberg*, 433 F.3d 421, 427 (4th Cir.2006) ("[T]he question of whether an arbitration agreement forbids consolidated arbitration is a procedural one, which the

arbitrator should resolve."); *Shaw's Supermarkets, Inc. v. UFCW*, 321 F.3d 251, 254 (1st Cir.2003)("The issue before us is who should make the determination as to whether to consolidate the three grievances into a single arbitration: the arbitrator or a federal court. Since each of the three grievances is itself concededly arbitrable, we think the answer is clear.    * * * this is a procedural matter for the arbitrator."); *Blimpie Internatl. Inc. v. Blimpie of the Keys*, 371 F.Supp.2d 469, 473-74 (S.D.N.Y.2005)("Whether an arbitration proceeding should be consolidated with one or more other arbitration proceedings is a question * * * properly addressed by the arbitrator.").  We find that the trial court did not err in finding that the arbitration panel did not exceed its authority in finding that the cases were proper for consolidated discovery and motion practice.    Therefore, Dimension's first, second, third, and fourth assignments of error are overruled.

{¶ 25} In its fifth and sixth assignments of error, Dimension contends that the trial court erred in failing to consider that evident partiality existed requiring the arbitration award to be vacated under R.C. 2711.10.  Dimension provides two arguments of evident partiality, (1) that Arbitrator Borchardt had a conflict of interest which tainted his participation in the panel's decision to consolidate for purposes of discovery and motion practice , and (2) Arbitrator Dubner was biased because Dubner had previously served as an arbitrator in a separate arbitration proceeding between Dimension and two of the present claimants and because Dubner had previously represented clients of Frank Klaus, an individual with business relationships with claimants.

{¶ 26} R.C. 2711.10 provides, as follows:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A) The award was procured by corruption, fraud, or undue means.
>
> (B) Evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the

controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

{¶ 27} Dimension's first argument is that Arbitrator Borchardt resigned as a member of the arbitration panel because of a conflict of interest because he accepted a position as legal consultant to the parent company of First Dealer Resources, LLC, the entity that had served as Dimension's marketing representative for the programs that were the subject of the arbitration. Dimension contends that since Borchardt participated in the decision to consolidate, that decision must have been tainted by his conflict of interest and the trial court erred in not vacating the arbitration award.

{¶ 28} Appellees argue that Dimension waived the argument that Arbitrator Borchardt had a conflict of interest that tainted his participation because Dimension did not present this argument to the trial court. It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. *Whitmer v. Zochowski*, 10th Dist. No. 15AP-52, 2016-Ohio-4764, ¶ 54. Regardless, Dimension's argument has no merit.

{¶ 29} Arbitration awards are entitled to a presumption of regularity and formality, and implicit in this presumption is that the arbitrator acted with integrity. *In re Furtado v. Hearthstone Condo Assn.*, 10th Dist. No. 86AP-1003 (May 19, 1987). "To overcome the presumption of regularity because of an alleged bias on the part of the arbitrator, the appellant must demonstrate 'evident partiality.' " (Citations omitted.) *Reynoldsburg City School Dist. Bd. of Edn. v. Licking Hts. Local School Dist. Bd. of Edn.*, 10th Dist. Np. 11AP-173, 2011-Ohio-5063, ¶ 25. Evident partiality " 'connotes more than a mere suspicion or appearance of partiality.' " *Furtado*, citing *Merit Ins. Co. v. Leathersby Ins. Co.*, 714 F.2d 673, 681-682 (7th Cir.1983); *Internatl. Produce, Inc. v. A/S Rosshavet*, 638 F.2d 548, 551 (2d Cir.1981). Some evidence of actual bias or evidence of circumstantial

fact which would give rise to a question of bias must be presented. *Reynoldsburg City School Dist. Bd. of Edn.* at ¶ 25, citing *Beck Suppliers, Inc. v. Dean Witter Reynolds Inc.,* 53 Ohio App.3d 98 (6th Dist.1988).

{¶ 30} The decision to consolidate was issued in March 2015. Arbitrator Borchardt did not accept the position that created the conflict of interest until August 2015. Borchardt resigned as a member of the arbitration panel immediately. Dimension did not provide any direct evidence of bias but argues that Borchardt must have been biased when the consolidation decision was made because he admitted a conflict of interest five months later. However, there is no evidence that Borchardt had any conflict of interest at the time of the consolidation decision. Some evidence of actual bias or evidence of circumstantial fact which would give rise to a question of bias must be presented and Dimension has not done so.

{¶ 31} Dimension's second argument is that Arbitrator Dubner was biased because Dubner had previously served as an arbitrator in a separate arbitration proceeding between Dimension and two of the present claimants and because Dubner had previously represented clients of Frank Klaus, an individual with business relationships with claimants. Dubner did not represent Klaus or any of the applicants. Moreover, the representation began in 2008 and had ended years before the arbitration panel issued its decision.

{¶ 32} Dimension provides no argument and no authority as to why an arbitrator demonstrates bias when he had previously served as an arbitrator for the parties. The Seventh Circuit Court of Appeals has held that an arbitrator is not disqualified simply because he has served on previous arbitration panels for the same parties or the same contracts. *See Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869 (7th Cir.2011). The Seventh Circuit held that an arbitrator should be disinterested, but disinterested means "lacking a financial or other personal stake in the outcome." *Id.* at 872.

{¶ 33} Dimension argues that the handful of arbitration transcript pages it submitted demonstrate that Dubner had a financial state in the PSAs. However, the transcript pages demonstrate that First Dealer Resources is a subagency to appellee Great Lakes. Klaus is a principal of Great Lakes. (Tr. at 162-63.) Dubner represented clients of

Klaus but not Klaus or any of the applicants. The testimony did not demonstrate that Dubner had a financial interest in the PSAs.

{¶ 34} The trial court observed that the arbitration panel thoroughly considered the issue but determined that Dubner was qualified to serve on the panel. The trial court found that a relationship eight years prior to the arbitration and one that involved no direct representation between Dubner and Klaus was too tenuous and remote to establish bias or evident partiality.

{¶ 35} Dimension cites *Close v. Motorists Mut. Ins. Co.*, 10th Dist. No. 84AP-696 (Apr. 25, 1985), as an example of an arbitration award that is void when there is evidence of actual arbitrator bias or of significant circumstantial evidence demonstrating bias. However, in *Close*, the arbitration award was vacated because the arbitrator was a partner in a law firm that had an ongoing relationship with one of the parties. This court stated, "[w]e hold, therefore, that an arbitrator's partnership in a law firm having a substantial, continuing attorney-client relationship with a party is grounds for vacating an arbitration award under Rev. Code § 2711.10(B)." *Id. Close* is distinguishable from these facts, however, because this case does not involve a continuing relationship and it does not involve representation of a party.

{¶ 36} Another similar case is *Beck Suppliers, Inc,* supra. In *Beck Suppliers, Inc.*, the motion to vacate the arbitration award was based on the fact that one of the arbitrators was a partner in a law firm that had represented the parent and sister corporations of Dean Witter. Even though Dean Witter prevailed in the arbitration, the court found that the arbitration did not need to be vacated. The Sixth District Court of Appeals held that the arbitrator's relationship to Dean Witter was "too indirect and remote to substantiate any inference of bias." *Id.* at 103.

{¶ 37} Here, the evidence in support of Dimension's position is indirect and tenuous, at best, to prove arbitrator partiality. With our limited review and the significant burden on Dimension to demonstrate evident partiality, we find no error in the trial court's decision. Thus, Dimension's fifth and sixth assignments of error are overruled.

{¶ 38} In its seventh and eighth assignments of error, Dimension contends that the trial court erred in ruling that the arbitration panel did not exceed its authority when it failed to find that Allstate was required to calculate the amount of any profit share

payments due under the agreements and in failing to consider direct evidence of double counting to satisfy a 2012 arbitration award, and erred in incorrectly finding that the double counting was within the panel's interpretive discretion.

{¶ 39} Dimension's arguments raise legal and factual issues that are within the scope of the arbitrator's authority. Ohio courts "do not sit to hear claims of factual or legal error by an arbitrator." *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 110 (2001), quoting *United Paperworkers Internatl. Union, AFL-CIO v. Misco Inc.*, 484 U.S. 29, 37-38 (1987).

{¶ 40} Dimension argues that the trial court should have vacated the arbitration award because the panel failed to follow the contract's requirements that Allstate determine the profit shares. Dimension's argument is based on paragraph two of the PSAs. The arbitration panel found paragraph two ambiguous and examined the parties' course of dealing. The course of dealing demonstrated that Dimension historically calculated the profit share payments, not Allstate. Since the arbitration panel reviewed the PSAs, the trial court properly declined to review and vacate the arbitration award. A trial court may not review an arbitration award and vacate it based on a factual disagreement. *See, e.g.*, *Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11*, 73 Ohio App.3d 392 (10th Dist.1992).

{¶ 41} Finally, Dimension argues that the arbitration panel failed to modify the award to account for double recovery by Tillery and Great Lakes. Dimension contends that the award mistakenly includes $69,524.15 that Dimension already paid to Tillery and Great Lakes, along with corresponding interest ordered under the 2012 arbitration order. (Dimension brief at 51.) After the arbitration panel issued its Interim Award, Dimension submitted a Statement of Interest, Costs, and Motion to Reconsider the Interim Award and set forth the same arguments to the arbitration panel. The arbitration panel specifically mentions that it considered Dimension's Motion to Reconsider and awarded Dimension one-sixth of its $2,876.50 in reimbursable costs claimed in its Motion to Reconsider and denied all other relief sought. (Jan. 11, 2017 Final Award at 2.) The arbitration panel specifically addressed and rejected Dimension's argument. As stated, the trial court does not "sit to hear claims of factual or legal error by an arbitrator."

*Southwest Ohio Regional Transit Auth.* Dimension's seventh and eighth assignments of error are overruled.

## IV. CONCLUSION

{¶ 42} For the foregoing reasons, all eight of Dimension's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ. concur.

_____